CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C.J. POTTER, IV, ESQ.
Nevada Bar No. 13225
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102
Tel: (702) 385-1954
Fax: (702) 385-9081

JAY A. KENYON, ESQ.
Nevada Bar No. 6376
YAN KENYON
7881 West Charleston Boulevard #165
Las Vegas, Nevada 89117
Tel: (702) 888-0000
Fax: (702) 888-0011
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HARVESTER HARRIS,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF HENDERSON; a political subdivision of the State of Nevada; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; SHERIFF DOUG GILLESPIE, individually; CHIEF PATRICK MOERS, individually; DOE OFFICER I, individually; DOE OFFICER II, individually; DOE OFFICERS III-X; and JOHN DOES I-X, inclusive,<br><br>    Defendants.<br>_____/ | Case No.<br><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>**(Jury Demanded)** |

COMES NOW, Plaintiff, HARVESTER HARRIS, by and through his attorneys of record, CAL J. POTTER, III, ESQ., and C. J. POTTER, IV, ESQ. of the law firm POTTER LAW OFFICES, and JAY A. KENYON, ESQ., of the YAN KENYON LAW FIRM, and for his Complaint against defendants, and each of them, jointly and severally, allege, complain and state as follows:

. . .

**JURISDICTION**

1. Plaintiff brings this action against Defendants to redress the deprivation of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(1)(4) as well as 42 U.S.C. § 1983.

3. Plaintiff also invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 136, to consider claims arising under state law for state Tort Claims.

4. Plaintiff also seeks declaratory and injunctive relief concerning Defendant Las Vegas Metropolitan Police Department's and City of Henderson's willful violation with the compliance of the Freedom of Information Act.

**VENUE**

5. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because one or more Defendants is a political subdivision of the State of Nevada in the District of Nevada and the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391(a)(1) and (b)(2).

**PARTIES**

6. Plaintiff, HARVESTER HARRIS (hereinafter Mr. Harris" or "Plaintiff"), is and at all times herein mentioned was, a resident of the District of Nevada, and was a duly licensed cab driver who was on duty at times relevant hereto.

7. Defendants, LAS VEGAS METROPOLITAN POLICE DEPARTMENT (hereinafter "LVMPD" or "Metro"), is a is a political subdivision of the State of Nevada. At all times relevant hereto, Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT was the employer of Doe Officer I.

8. Defendant CITY OF HENDERSON (hereinafter "Henderson") is a municipal corporation that is a political subdivision of the State of Nevada. At all times relevant hereto, Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT was the employer of Doe Officer II.

9. Defendant SHERIFF DOUGLAS GILLESPIE (hereinafter "Sheriff Gillespie") at all material times was elected as Sheriff of LVMPD and was acting within the course and scope of his

employment. As Sheriff, Defendant Sheriff Gillespie is a policy-making official for LVMPD with the power to make official and final policy for LVMPD. Additionally, Sheriff Gillespie personally ratified, condoned and approved the acts of DOE OFFICER I. Sheriff Gillespie is sued in his individual capacity.

10. Defendant CHIEF PATRICK MOERS (hereinafter "Chief Moers") at all material times was Chief of Police for the Henderson Police Department and was acting within the course and scope of his employment. As Chief, Defendant Moers is a policy-making official for Henderson Police Department with the power to make official and final policy for Henderson. Additionally, Defendant Moers personally ratified, condoned and approved the acts of DOE OFFICER II. Defendant Moers is sued in his individual capacity.

11. Defendants, DOE OFFICER I was assigned to a regional task force and at all times relevant to the allegations contained in this complaint was a duly appointed police officer with the LVMPD and was acting within the nature and scope of Defendant police officers' duties. Defendant Doe Officer I is sued individually who acted under the color of law as a police officer employed by LVMPD. Plaintiff is not aware of Defendant Doe Officer I's true identity because Defendant LVMPD has affirmatively concealed the Defendant's identity and refused to comply with Plaintiff's Freedom of Information Act ("FOIA") requests.

12. Defendant DOE OFFICER II is a City of Henderson Police Officer assigned to a Regional Task Force and acted in his official capacity as a law enforcement officer. Defendant Doe Officer II is sued individually. Plaintiff is not aware of Defendant Doe Officer II's true identity because Defendant Henderson has affirmatively concealed the Defendant's identity and refused to comply with Plaintiff's Freedom of Information Act ("FOIA") requests.

13. At all times relevant hereto and in all their actions described herein, all Defendants acted under color of law, of a statute, ordinance, regulation, custom, or usage, and all Defendants acted pursuant to their respective authorities as police officers for Las Vegas Metropolitan Police Department and/or Henderson Police Department. Defendants at all material times were agents, servants, employees, partners, joint ventures, co-conspirators and/or alter ego of all other Defendants and were acting in the course and scope as police officers for Las Vegas Metropolitan Police Department and/or Henderson

Police Department.

14. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants herein designated as Doe Officers III-X, including supervisory officers, and John Does I-X, are presently unknown to Plaintiff because Defendants LVMPD and Henderson have affirmatively concealed the Defendants' identities and refused to comply with Plaintiff's Freedom of Information Act ("FOIA") requests. Plaintiff, therefore, sues Defendants by such fictitious names; when their true names and capacities are ascertained, Plaintiff will amend the Complaint accordingly to insert the same herein. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.

15. Plaintiffs are informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

16. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of LVMPD and Henderson, which were personally created by Defendants Gillespie and Moers, respectively.

17. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of Nevada.

18. This Complaint may be pled in the alternative pursuant to Fed.R.Civ.P 8(d)(2).

19. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, for a finding that Defendants LVMPD and Henderson have chosen not to comply with Plaintiff's FOIA requests and providing injunctive relief requiring Defendants LVMPD and Henderson to comply with Plaintiff's FOIA requests because Plaintiff has an inadequate remedy at law in that he is precluded from identifing

the individuals whom violated his civil rights while acting under the color of law as alleged herein.

**FACTS**

20. On or about March 08, 2013, Mr. Harris was working as a cab driver for a duly licensed taxicab company Lucky and was driving his marked cab unit and was responding to a call at the time he was stopped by an unmarked SUV with Doe LVMPD Officer I and Doe Henderson Police Officer II.

21. That the Plaintiff stopped his vehicle and encountered two hostile individuals Doe Officer I and Doe Officer II who identified themselves by badge as police officers.

22. At said time the Plaintiff was not previously injured and advised the first officer that he was being recorded and asked him why he had to be so rude and angry. Mr. Harris was initially asked by Doe Officer I "You in a hurry?" Mr. Harris responded that he was responding to a radio call. Mr. Harris also advised Defendant Officers that they were on camera. Doe Officer I then threatened Mr. Harris with calling the Taxicab Authority if he did not watch his mouth.

23. Despite the Plaintiff not having committed any crime, Doe Officer II then slapped his badge shield against the passenger window identifying himself as a police officer. Both Doe Officer I and Doe Officer II were in plain clothes and not acting as traffic officers. Doe Officer II then yelled profanity words to the effect that "we're not fucking playing games." Doe Officer II then continued his profanity by telling Mr. Harris that he was going to fucking jail. Mr. Harris advised both officers the he was not resisting and attempted to state that he did not know they were police officers when they got out of their car. Doe Officer I then grabbed Mr. Harris' hands and maliciously pulled his finger to inflict pain.

24. Doe Officer II failed to prevent Doe Officer I's use of force which was committed in his presence. On the contrary, Doe Officer II chose not to de-escalate the situation.

25. As a result of Defendants' use of force, and choice not to prevent the use of excessive force, Plaintiff has suffered permanent injuries to his right middle finger.

26. Moreover, Doe Defendants unreasonably seized Plaintiff.

. . .

. . .

1    27.    Following this incident, Plaintiff made FOIA requests upon Defendants LVMPD and Henderson, however each department chose not to comply with the requests and affirmatively concealed their misconduct.

**FIRST CLAIM FOR RELIEF**

**42 U.S.C. § 1983 Violation of Constitutional Rights**

**against Doe Defendant I and Doe Defendant II**

28.    Plaintiff incorporates herein by reference the allegations contained above as though fully set forth herein.

29.    The action of Doe Police Officer I and II constitutes unreasonable and excessive use of force and deprivation of liberty without due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Officer II failed to intervene in the handcuffing and excessive force used by Officer I.

30.    Defendant was complicit in the constitutional violations of Plaintiff by violating the constitutional rights of Plaintiff through the use of handcuffing and unlawful detention even though Plaintiff had not committed a crime or was in any way resistant to his authority because the Defendants LVMPD and Henderson maintain de facto policies to detain and handcuff citizens as a form of intimidation and in violation of well-settled law by the Ninth Circuit Court of Appeals.

31.    Plaintiff was willfully, maliciously, and intentionally seized without justification, reasonable suspicion, or probable cause. Plaintiff told both Defendant Officers' he did not know they were police officers initially because they were in a police car; did not have on uniforms; did not use a police siren bubble to stop him; and did not initially show badges and acted rude and belligerent.

32.    Doe Police Officers I and II were acting in a manner that is well known in the law enforcement community as a "Contempt of Cop".

33.    That intentional use of an unlawful detention is often referred to as "street justice" where physical violence is used an punishment; such as the twisting and injuring of Mr. Harris' finger.

34.    As a direct result of Defendants' unlawful conduct, Plaintiff suffered violations of his constitutional rights including the guarantee to be free from the deprivation of life or liberty without due process of law and from unreasonable force in violation of the Fourth Amendment.

1  35. As a direct and proximate result of the acts and omissions of Police Officers I and II,
2  Plaintiff endured pain and further mental suffering, and he was deprived of his physical liberty.

3  36. The handcuffing and denial of medical treatment against Plaintiff coupled with the
4  unlawful detention of Plaintiff by Officers I and II when Defendant police officers knew Mr. Harris had
5  committed no crime nor was he a threat to the officers was done with actual malice toward Plaintiff and
6  with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff.

7  37. Plaintiff is entitled to compensatory and exemplary damages resulting from the violation
8  of the aforementioned rights under 42 U.S.C. § 1983 against Police Officers I and II in individual
9  capacity.

10  38. Plaintiff has been forced to pursue this action in search of justice and to enforce the
11  provisions of 42 U.S.C. § 1983 and is therefore entitled to be awarded reasonable attorney's fees
12  pursuant to 42 U.S.C. § 1988.

13  39. That as a direct result of the acts and omissions of the Defendants, and each of them,
14  Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe emotional
15  distress and other related costs, medical, and lost wages, including but not limited to attorney fees in
16  excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 Violation of Constitutional Rights

### against Defendant Gillespie, Defendant Moers and Doe Defendants III-X

20  40. Plaintiff incorporates herein by reference the allegations contained above as though fully
21  set forth herein.

22  41. Defendant Gillespie was the final policy maker, and a supervisor of Defendant Officer
23  I, who chose not to prohibit officers from violating citizen's Fourth Amendment rights. Defendant
24  Gillespie is the policy maker for LVMPD and has failed to discipline and terminate Officers for physical
25  violence against citizens.

26  42. Chief Moers was the final policy maker, and a supervisor of Defendant Officer II, who
27  chose not to prohibit officers from violating citizen's Fourth Amendment rights. Defendant Moers is the
28  policy maker for LVMPD and has failed to discipline and terminate Officers for physical violence

against citizens.

43. Defendants Gillespie, Moers, and Doe Officers III-X have chosen to implement and enforce the guidelines, procedures, and regulations of LVMPD and Henderson and supervise the conduct of the employees of LVMPD and Henderson to ensure they act in conformance with well-settled constitutional law concerning seizures, arrests and legal basis for the detention of individuals as well as the use of force in handcuffing and torturing a citizen with unreasonable pain compliance techniques.

44. Defendants Gillespie, Moers, and Doe Officers III-X choice not to enforce the laws of the State of Nevada and the regulations of LVMPD and Henderson encouraged and caused constitutional violations by the aforementioned officer.

45. Plaintiff is thus entitled to compensatory damages, general and special, resulting from the violation of the aforementioned constitutional rights under 42 U.S.C. § 1983 both past and future in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

46. Plaintiff has been forced to pursue this action in search of justice and to enforce the provisions of 42 U.S.C. § 1983 and are therefore entitled to be awarded reasonable attorney's fees as part of her costs pursuant to 42 U.S.C. § 1988 in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

47. That as a direct result of the acts and omissions of the Defendants, and each of them, Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe emotional distress and other related costs, medical, including but not limited to attorney fees in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

**THIRD CLAIM FOR RELIEF**

**Monell Claim against LVMPD and Henderson**

48. Plaintiff incorporates herein by reference the allegations contained above as though fully set forth herein.

49. The unconstitutional actions and/or omissions of Defendants Doe Officers I and II, as well as other officers employed by or acting on behalf of Defendants LVMPD and Henderson, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of LVMPD and Henderson, stated in the alternative, which were directed, encouraged, allowed, and/or

ratified by policy making officers for the LVMPD and Henderson:

    A.    To arrest and or detain individuals for traffic violations by handcuffing citizens and the use of pain compliance techniques on traffic stops.

    B.    To fail to use appropriate and generally accepted law enforcement procedures by undercover officers.

    C.    To fail to use appropriate and generally accepted law enforcement procedures in requiring use of force reports to be used where an injury occurs.

    D.    To cover-up violations of constitutional rights by any or all of the following:

        i.    by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, and unlawful seizures and arrests, and/or handling of injured citizens;

        ii    by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity by refusing to conduct a full internal affairs complaint against the Defendant officer; and by failing to advise citizens of the violation and findings and disciplines.

        iii    by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information.

    E.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and

    F.    To tolerate poorly performing officers and failing to adequately discipline those officers for misconduct.

. . .

50. LVMPD and Henderson participated in the coverup of the false arrest and false imprisonment of, and use of excessive force upon, Plaintiff. Moreover, LVMPD and Henderson maintained *de facto* policies, and organizational customs and cultures to handcuff and use painful holds on citizens in traffic stops and to give "street justice" to individuals whom LVMPD and Henderson officers believed had disrespected their authority. LVMPD and Henderson have also refused to identify Doe Officers I-X and to further conduct its investigation in a transparent matter. Defendant LVMPD's and Henderson's *de facto* policies, and organizational customs and cultures were the proximate cause behind the conduct causing Plaintiff to suffer the constitutional violations.

51. Plaintiff is thus entitled to compensatory damages resulting from the violation of the aforementioned constitutional rights under 42 U.S.C. § 1983.

52. Plaintiff has been forced to pursue this action in search of justice and to enforce the provisions of 42 U.S.C. § 1983 by and through his attorneys and are therefore entitled to be awarded reasonable attorney's fees as part of his costs pursuant to 41 U.S.C. § 1988.

53. Moreover, upon information and belief, the unconstitutional actions and/or omissions of Defendants Doe Officers I and II, as described above, were approved, tolerated and/or ratified by policy-making officer Sheriff Douglas Gillespie for the LVMPD and Defendant Moers for Henderson. Plaintiff is informed and believes, and thereupon alleges, the details of this incident has been revealed to Defendants Gillespie and Moers, and that such policy makers have direct knowledge of the fact that the injury and false imprisonment of Plaintiff was not justified, but rather represented an unconstitutional display of unreasonable and excessive force. Notwithstanding this knowledge, Defendants Gillespie and Moers have approved Defendants Doe Officers I and II's actions, and have made a deliberate choice to endorse Defendants Doe Officers I and II's excessive force. By so doing, Defendants Gillespie and Moers have shown affirmative agreement with the individual defendant officers' actions, and has ratified the unconstitutional acts of the individual Defendant officers.

54. The aforementioned customs, policies, practices, and procedures, were the moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above.

. . .

55. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their actions and/or omissions including other citizens, Kristina Wildeveld, David Phillips, Jonathan MacArthur, Stanley Gibson, and Trevon Cole; all victims of physical or excessive force who suffered physical injuries and/ or lost the life and/or liberty at the hands of the Las Vegas Metropolitan Police Department.

56. That as a direct result of the acts and omissions of the Defendants, and each of them, Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe emotional distress and other related costs, medical, including but not limited to attorney fees in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

**FOURTH CLAIM FOR RELIEF**

**False Arrest / False Imprisonment**

**against all Defendants**

57. Plaintiff incorporates herein by reference the allegations contained above as though fully set forth herein.

58. Defendant Doe Officers I and II's conduct of detaining and arresting Plaintiff without legal probable cause constitutes false arrest and false imprisonment.

59. As a direct and proximate result of Defendant Doe Officers I and II's conduct, Plaintiff has incurred special and general damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

60. Defendant Doe Officers I and II's conduct was committed intentionally, maliciously, and with conscious disregard to the safety of Plaintiff warranting the imposition of punitive damages.

61. That as a direct result of the acts and omissions of the Defendants, and each of them, Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe emotional distress and other related costs, medical, and lost wages, including but not limited to attorney fees in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

. . .

. . .

**FIFTH CLAIM FOR RELIEF**

**Intentional Infliction of Emotional Distress**

**against all Defendants**

62. Plaintiff incorporates herein by reference the allegations contained above as though fully set forth herein.

63. Defendant Doe Officers I and II's use of force by handcuffing and false imprisonment of Plaintiff was extreme and outrageous causing Plaintiff to suffer emotional distress and was done intentionally and maliciously.

64. As a direct and proximate result of Defendant Doe Officers I and II's intentional infliction of emotional distress upon Plaintiff, he has incurred special and general damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), and is further entitled to punitive damages.

65. That as a direct result of the acts and omissions of the Defendants, and each of them, Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe emotional distress and other related costs, medical, and lost wages, including but not limited to attorney fees in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

**SIXTH CLAIM FOR RELIEF**

**Negligence**

**against all Defendants**

66. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

67. At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

68. At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

69. There general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

    a. to refrain from using excessive and/or unreasonable force against Plaintiff;

    b. to refrain from unreasonably creating the situation where force is used;

    c. to refrain from abusing the authority granted to them by law;

        d.    to refrain from violating Plaintiff's rights guaranteed by the United States and Nevada Constitutions, as set forth above, and as otherwise protected by law.

70. Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendants LVMPD, Henderson, Sheriff Gillespie, Chief Moers and Does III-X, include but are not limited to the following specific obligations:

        a.    to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline, their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

        b.    to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

        c.    to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above.

71. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

72. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant and are entitled to relief as set forth herein, and punitive damages against Defendants in their individual capacities.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

13

WHEREFORE, Plaintiff requests this Court enter Judgment in her favor and against Defendants, jointly and severally, and award the following amounts:

1. In excess of $75,000.00 in general damages;
2. In excess of $75,000.00 in exemplary damages as to individual Defendant's;
3. In excess of $10,000.00 in special damages;
4. Reasonable attorney fees and costs; and
5. Declatory judgement that LVMPD and Henderson have chosen not to comply with Plaintiff's FOIA requests and injective relief requiring the Defendants to do so
6. Such other and further relief as the Court may deem appropriate.

DATED this 25th day of February, 2015.

POTTER LAW OFFICES
YAN KENYON

By: /s/ C. J. Potter, IV, Esq.
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C. J. POTTER, IV, ESQ.
Nevada Bar No. 13225
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada  89102

JAY A. KENYON, ESQ.
Nevada Bar No. 006376
JAN KENYON
7881 West Charleston Boulevard #165
Las Vegas, Nevada 89117
*Attorneys for Plaintiff*