1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOSH M. REID**
City Attorney
Nevada Bar No. 7497
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
nancy.savage@cityofhenderson.com

Attorneys for Defendants
CITY OF HENDERSON,
CHIEF PATRICK MOERS,
DETECTIVE PERDUE

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HARVESTER HARRIS,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF HENDERSON; a political subdivision of the State of Nevada; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; SHERIFF DOUG GILLESPIE, individually; CHIEF PATRICK MOERS, individually; OFFICER SCOTT NIELSON, P#4408, individually; DETECTIVE PURDUE, individually; DOE OFFICERS III-X; and JOHN DOES I-X, inclusive,<br><br>                    Defendants. | CASE NO.:   2:15-CV-00337-GMN-PAL<br><br><br>**DEFENDANTS CITY OF HENDERSON, CHIEF PATRICK MOERS AND DETECTIVE PERDUE'S  MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

COME NOW, Defendants CITY OF HENDERSON ("CITY"), CHIEF PATRICK

MOERS ("MOERS") and OFFICER PERDUE ("PERDUE"), misspelled throughout the First

Amended Complaint as "Purdue", (hereinafter collectively referred to as the

1

"HENDERSON DEFENDANTS"), by and through their attorneys Josh M. Reid, City Attorney and Nancy D. Savage, Assistant City Attorney for the CITY OF HENDERSON, and move this Honorable Court pursuant to Fed. R. Civ. Proc. 12(b)(6) for dismissal of the claims alleged against the HENDERSON DEFENDANTS in the Plaintiff's First Amended Complaint for Damages and Injunctive Relief.

This motion is made and based upon the pleadings and papers on file, the points and authorities offered in support and the oral argument of counsel, if any.

DATED this 10th day of September, 2015.

CITY OF HENDERSON
JOSH M. REID, City Attorney


/s/  Nancy D. Savage
JOSH M. REID, ESQ.
City Attorney
Nevada Bar No. 7497
NANCY D. SAVAGE, ESQ.
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, Nevada 89009
Attorney for Defendants
CITY OF HENDERSON
CHIEF PATRICK MOERS
DETECTIVE PERDUE

**I.**

**FACTUAL ALLEGATIONS**

Plaintiff alleges that he was pulled over while driving a taxicab on March 8, 2013, by Defendants NIELSON, a Las Vegas Metropolitan Police Department ("LVMPD") Officer and PERDUE, a "City of Henderson Police Officer assigned to a Regional Task Force."

The conduct upon which Plaintiff bases his claims against PERDUE is limited to allegations that he "slapped" his badge shield against the passenger window (of Plaintiff's

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

stopped vehicle), to have identified himself as a police officer and "yelled profanity words". (Paragraphs 21 and 23).  Plaintiff alleges that he was injured when Defendant NIELSON of LVMPD ".  .  .  . grabbed Mr. HARRIS' hands and maliciously pulled his finger to inflict pain." Plaintiff alleges that PERDUE should have somehow prevented NIELSON's conduct.  There is no allegation that PERDUE ever had any physical contact with Plaintiff. No facts are alleged from which it could even be inferred that PERDUE knew in advance that NIELSON planned to pull HARRIS' finger, was aware that NIELSON was pulling HARRIS' finger or had any opportunity to intercede.

Defendant MOERS is alleged to have been the Chief of Police for the Henderson Police Department. (Paragraph 10).

## II.

### DISMISSAL OF THE CLAIMS AGAINST EACH OF THE HENDERSON DEFENDANTS IS APPROPRIATE BASED UPON PLAINTIFF'S FAILURE TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.  Standard of Review for Fed. R. Civ. Proc. 12(b)(6) Motion to Dismiss

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff pleads sufficient facts "to state a claim for relief that is plausible on its face." _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  Fed. R. Civ. Proc. 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation' of the elements of a cause of action will not do."   _Ashcroft v. Iqbal_, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), (quoting _Twombly_, 550 U.S. at 555, 127 S. Ct. 1955, 167 L.Ed.2d 929). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" _Id._ (quoting _Twombly_, 550 U.S. at 557, 127 S. Ct. 1955, 167

L.Ed.2d 929).   Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the First Amended Complaint are true.   *Twombly, supra* at 555, 1959. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." *Iqbal,* 129 S. Ct. at 1949.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the First Amended Complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Goldstein v. Pataki,* 516 F.3d 50, 56 (2d Cir. 2008) (quoting *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002)). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* at 1949. While legal conclusions can provide the framework of a First Amended Complaint, they must be supported by factual allegations. *Id.* At 1950, emphasis added. "Rule 8 does not empower a party to plead the bare elements of his cause of action, affix the label "general allegation" and expect his First Amended Complaint to survive a motion to dismiss. *Iqbal* at 1953.

The allegations in Plaintiff's First Amended Complaint concerning the HENDERSON DEFENDANTS are almost entirely speculative, conjectural and conclusory statements, rather than factual allegations. The Plaintiff's First Amended Complaint is predominated by non- factual allegations of the type exemplified in the quoted paragraphs:

32.   Officer Nielson and Detective Purdue were acting in a manner that is well known in the law enforcement community as a "Contempt of Cop".

33.   That intentional use of an unlawful detention is often referred to as "street justice" where physical violence is used as punishment; such as the twisting and injuring of Mr. Harris' finger.

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

4

44. Defendants Gillespie, Moers, and Doe Officers III-X choice not to enforce the laws of the State of Nevada and the regulations of LVMPD and Henderson encouraged and caused constitutional violations by the aforementioned officer.

The sparse facts alleged in the First Amended Complaint are random, non-specific, unconnected. Specific facts that would be adequate to support each element of any of the alleged causes of action are absent. Taken as a whole the alleged facts are unintelligible and completely fail to state any claim upon which relief can be granted against either the HENDERSON DEFENDANTS or any of them.

A motion to dismiss should be granted if the Plaintiffs have failed to state a claim for relief that is plausible on its face. _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544 (2007). While all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. _Associated Gen. Contractors v. Met. Water Dist. of S. Cal._, 159 F.3d 1178, 1181 (9th Cir. 1998).

Plaintiff's First Amended Complaint fails to articulate a factual basis for a plausible claim for any of the causes of actions alleged against the HENDERSON DEFENDANTS or any of them. Dismissal of all claims against the HENDERSON DEFENDANTS for failure to state a claim is appropriate.

**III.**

**PLAINTIFF HAS FAILED TO ALLEGE FACTS WHICH WOULD ESTABLISH A VIOLATION OF ANY OF PLAINTIFF'S CONSTITUTIONAL RIGHTS BY ANY OF THE HENDERSON DEFENDANTS**

To state a claim for relief under Section 1983, a plaintiff must state facts, not conclusions and must show through his factual allegations the specific direct involvement of a defendant in the constitutional deprivation alleged. _Barren v. Harrington_, 153 F. 3d 1193, 1194 (9th Cir. 1998). In order to state a Section 1983 claim, a plaintiff must allege

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law.   *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir.2006) (citing *West v. Atkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988).

In the instant matter, Plaintiff's First Amended Complaint is devoid factual allegations which, if taken as true, would establish any viable claim against the HENDERSON DEFENDANTS, or any of them, for a violation of any of Plaintiff's constitutional rights.   Officer PERDUE'S alleged conduct, if taken as true, does not establish a constitutional violation.   He allegedly identified himself as a police officer and allegedly "slapped" his badge shield against the passenger window of Plaintiff's already stopped vehicle.   Neither of those actions separately or combined establishes a violation of a constitutional right.   Yelling or using profanity is likewise not a violation of a constitutional right.   There are no facts which support Plaintiff's conclusory allegation that circumstances existed which would have required PERDUE to intervene or prevent NIELSON'S alleged conduct.   See paragraphs 24 and 29.

Factual allegations sufficient to establish any plausible claim under Section 1983 against the HENDERSON DEFENDANTS, or any of them, are absent from Plaintiff's First Amended Complaint.   Therefore, Plaintiff's First and Second Claims for Relief as they pertain to each of the HENDERSON DEFENDANTS should be dismissed.

**IV.**

**PLAINTIFF HAS NOT ADEQUATELY ALLEGED A CLAIM FOR MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. 1983 PURSUANT TO THE MONELL CASE AND HIS SECOND CAUSE OF ACTION SHOULD BE DISMISSED**

Plaintiff has not identified any constitutional rights which are contended to have been violated by the HENDERSON DEFENDANTS or any of them.   Identification of a

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

violated constitutional right is absolutely required to establish a §1983 claim. _Albright v. Oliver_, 510 U.S. 266, 271, 510 U.S. 266, 271, 114 S. Ct. 807, 811, 127 L.Ed.2d 114 (1994).  If Plaintiffs have not suffered a violation of their constitutional rights, no action lies pursuant to _Monell v. Department of Social Services of City of New York_, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978) for municipal liability and dismissal is appropriate.

Even if it were determined that Plaintiff had somehow alleged a specific violation of his constitutional rights here, he has failed to set forth sufficient factual allegations to survive a motion to dismiss.  His allegations throughout the First Amended Complaint, as well as those specifically alleged in his Third Claim for Relief, are nothing more than generalized and formulaic recitations which fail to articulate a cognizable theory of public entity liability against the CITY. The allegations concerning municipal liability have no specific reference or application to the scant facts alleged by Plaintiff. The allegations are speculative and conclusory and fail to articulate a plausible claim against the CITY.

In _Monell, supra_, the United States Supreme Court held that a municipality, such as the City of Henderson, may only be subject to liability under Section 1983 when it is the **moving force**, pursuant to an existing policy or custom, which results in the alleged constitutional tort. _Monell_, 436 U.S. 658, 690-91 (1978).  It is only when the "execution of the government's policy or custom ... inflicts the injury" that a municipality may be held liable under Section 1983.  Id. at 694.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress … 42 U.S.C. § 1983.
> (Emphasis added).

The Supreme Court held in _Monell_ that the plain language and legislative history of

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

Section 1983 clearly shows that Congress did not intend for municipalities, like the City of Henderson, "to be held liable unless action pursuant to official municipal policy … caused a constitutional tort." At p. 691 (emphasis added).  Here the factual allegations are inadequate, even if taken as true, to establish a constitutional tort.  **In the absence of a constitutional tort there can be no municipal liability.**

In determining whether official municipal policy is the cause of a constitutional tort, it is not enough for a § 1983 plaintiff to merely identify conduct alleged to be attributable to the municipality." _Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown_, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388 (1997).  A governmental entity can only be liable under § 1983 when the execution of that entity's policy or custom, "whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. at 694.

Paragraph 49 delineates the basis of Plaintiff's claim alleged against the CITY:

The unconstitutional actions and/or omissions of the Defendant officers, as well as other officers employed by or acting on behalf of Defendants LVMPD and Henderson, "on information and belief", are alleged to have been pursuant to the following customs, policies, practices, and/or procedures of LVMPD and Henderson, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for the LVMPD and Henderson:

A. To arrest and or detain individuals for traffic violations by handcuffing citizens and the use of pain compliance techniques on traffic stops.

B. To fail to use appropriate and generally accepted law enforcement procedures by undercover officers.

C. To fail to use appropriate and generally accepted law enforcement procedures in requiring use of force reports to be used where an injury occurs.

D. To cover-up violations of constitutional rights by any or all of the following:

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

i.    by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, and unlawful seizures and arrests, and/or handling of injured citizens;

ii    by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity by refusing to conduct a full internal affairs complaint against the Defendant officer; and by failing to advise citizens of the violation and findings and disciplines.

iii    by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information.

E.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and

F.    To tolerate poorly performing officers and failing to adequately discipline those officers for misconduct.

In order to state a claim for any of the theories alleged in ¶49 each made "upon information and belief", there must be specific factual allegations to establish the unsupported conclusions and complete speculation set forth in ¶49. Plaintiff has failed to meet the rigorous _Monell_ standards. Plaintiff's allegations of municipal liability are nothing more than formulaic recitations and are inadequate to state a claim.  See _Dougherty_, 654 F.3d at 900-01 (dismissing § 1983 claims where plaintiffs' claims, as those here, lacked any factual allegations regarding key elements of _Monell_).

The Ninth Circuit has held pursuant to _Monell_ that municipalities are subject to damages under § 1983 **only** when the plaintiff has been injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a "final policymaker." _Ellins v. City of Sierra Madre_, 710 F.3d 1049, 1066 (9th Cir. 2013) (quoting

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Delia v. City of Rialto*, 621 F.3d 1069, 1081–82 (9th Cir. 2010)).

To establish the liability of a governmental entity under *Monell* pursuant to a theory that an official policy, longstanding practice, and/or custom was the basis for the constitutional tort, a plaintiff must allege and allege **facts** which would establish that: (1) the plaintiff was deprived of a constitutional right deprived; (2) that the municipality had a policy; (3) that such policy amounted to deliberate indifference to the plaintiff's subject constitutional right; and (4) such policy was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011), cert. denied, 133 S. Ct. 1725, 185 L. Ed. 2d 786 (2013) (citing *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted; alterations in original).  Here Plaintiff fails to plead factual allegations which meet any of the three (3) requirements articulated in *Monell*.  Instead, Plaintiff relies on non-specific, conclusory and conjectural allegations potentially covering vast areas of law enforcement practice, all of which are premised upon "information and belief."

It is well established that in a Section 1983 action a municipality cannot be held liable on a theory of *respondeat superior*.  *Burns v. Barreto*, 2011 WL 476505, 4 (E.D. Cal. 2011); *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  In *Burns*, *supra*, the court outlined the requirements to establish municipal liability in a Section 1983 action as follows:

> The Ninth Circuit Court of Appeals has held that in order to establish municipal liability, "the plaintiff must establish: (1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." *Miranda v. City of Cornelius*, 429 F.3d 858, 868 (9th Cir.2005) (citation and quotation marks omitted, modification in original); *see also Levine*, 525 F.3d at 907 ("To establish [municipal] liability, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or

custom which amounted to 'deliberate indifference' to the constitutional right and was the 'moving force' behind the constitutional violation.") (citing _Van Ort v. Estate of Stanewich_, 92 F.3d 831, 835 (9th Cir.1996)). With respect to the last element, "[t]here must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." _Villegas v. Gilroy Garlic Festival Ass'n_, 541 F.3d 950, 957 (9th Cir. 2008) (en banc) (citation and quotation marks omitted).

In _Barren_, _supra_, the lower court had granted defendants' motion to dismiss for failure to state a claim pursuant to Section 1983.  The U.S. Court of Appeals, 9th Circuit affirmed the dismissal on appeal. The complaint in issue was summarized by the 9th Circuit as follows:

> Barren's complaint comprised four separate allegations. Count I alleged that the defendants had conspired to deny him his Fourth Amendment rights by bringing charges against him without probable cause, thus causing him to be incarcerated for 156 days before the charges were dismissed. Count II alleged that his due process rights were violated when he was held from May 1995 to October 1995 without a hearing. Count III alleged that he was denied the equal protection of the laws and was denied his First Amendment right of access to the courts when the defendants caused his brass slip requesting payment of a court ordered $5 filing fee, to be denied. Count IV alleged that the appellant was denied access to the courts when his brass slip was denied, resulting in the dismissal of his lawsuit, _Barren v. Harrington_, CV-N-96-254-DWH. At 1194.

A municipality is only liable if a municipal policy is a driving force behind the constitutional deprivation.  _Villegas_, _supra_; _Galen v. County of Los Angeles_, 477 F. 3d 652, 667 (9th Cir. 2007).  Plaintiff's First Amended Complaint has failed to allege facts which would state any plausible claim for relief against the CITY for municipal liability under Section 1983 pursuant under the _Monell_ case.  Plaintiff's Third Claim for Relief should be dismissed.

## V.

## QUALIFIED IMMUNITY PRECLUDES PLAINTIFF'S CLAIMS AGAINST DEFENDANT MOERS

Qualified immunity protects all government officials and employees, including police

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

officers, from suit in their individual capacities for actions taken within the scope of their discretionary authority while acting under the color of state law.  _Somavia v. Las Vegas Metro. Police Dep't_, 816 F. Supp. 638, 641 (D. Nev. 1993), aff'd, 15 F.3d 1089 (9th Cir. 1994).  Not only does qualified immunity protect "'all but the plainly incompetent or those who knowingly violate the law,'" [_Estate of Ford v. Ramirez-Palmer_, 301 F.3d 1043, 1049 (9th Cir. 2002) (quoting _Malley v. Briggs_, 475 U.S. 335 (1986))], it "generally protects government officials so long as their conduct does not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  _Herrera_, 298 F. Supp. 2d at 1051 (quoting _Baker v. Racansky_, 887 F.2d 183, 186 (9th Cir.1989)).  Discretionary authority includes all acts undertaken pursuant to the performance of the official's duties that are within the scope of his or her authority.

"The doctrine of qualified immunity protects government officials 'from [personal] liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" _Pearson v. Callahan_, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting _Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982))_. To determine if an official is protected by qualified immunity and therefore entitled to dismissal of the claims against him, a court must ask "whether the plaintiff has alleged the deprivation of an actual constitutional right" and "whether that right was clearly established at the time of the alleged violations." _Int'l Action Ctr. v. United States, 365 F.3d 20, 24, 361 U.S. App. D.C. 108 (D.C. Cir. 2004)._  Courts may "exercise their sound discretion in deciding which of the two prongs ... should be addressed first in light of the circumstances in the particular case at hand." _Pearson, 555 U.S. at 236._

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

The second inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition ...  'The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Saucier v. Katz*, 533 U.S. 194, 201-02, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). A court must determine whether "it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Id. at 202.*

Even if a law enforcement officer violates an individual's constitutional rights, the officer may be protected by the doctrine of qualified immunity. Qualified immunity shields a public official from individual liability for civil damages under § 1983, so long as his conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the [police officer's] error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223 (2009) (citation and internal quotation marks omitted).  See also, *Reichle v. Howards*, 132 S. Ct. 2088, 2012 U.S. LEXIS 4132, 2012 WL 1969351 (2012).

The qualified immunity determination is a question of law, and the trial court has an independent obligation to survey the relevant law to determine whether a constitutional right was violated and whether that right was clearly established. *Mitchell v. Forsyth*, 472

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

*U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985); Ennis v. Lott, 589 F. Supp. 2d 33, 36-37 (D.D.C. 2008).*

It is abundantly clear that Plaintiff has failed to proffer factual allegations that would establish that either MOERS or PERDUE violated clearly established statutory or constitutional rights of which a reasonable person would have known. The factual allegations are inadequate to articulate any claim for which the protection of qualified immunity would not apply.  Defendants MOERS and PERDUE should be found to have qualified immunity premised upon the facts alleged (or lack thereof) and the claims for relief asserted against them should be dismissed.

**VI.**

**PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED**

Plaintiff's state law claims suffer from the same lack of factual support as the Plaintiff's § 1983 claims.  Having failed to allege adequate facts to articulate the elements of any of the state law claims, all of Plaintiff's state law claims should be dismissed for failure to state a claim.

**VII.**

**PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS AGAINST ALL OF THE HENDERSON DEFENDANTS SHOULD BE DISMISSED**

In his Fifth Cause of Action Plaintiff alleges a claim against all Defendants for intentional infliction of emotional distress (IIED).  The only factual allegation made in support of the claims is:

> 63.   Defendant Officer Nielson and Detective Purdue's (sic) use of force by handcuffing and false imprisonment of Plaintiff was extreme and outrageous causing Plaintiff to suffer emotional distress and was done intentionally and maliciously.

In Nevada an intentional infliction of emotional distress claim requires proof (1) that

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

the defendant's conduct was "extreme and outrageous," (2) that the defendant either intended to cause or recklessly disregarded the risk of causing emotional distress, (3) that the plaintiff actually suffered severe or extreme emotional distress, and (4) that the distress was actually or proximately the result of the defendant's conduct. _Nelson v. City of Las Vegas_, 99 Nev. 548, 665 P.2d 1141, 1145 (Nev. 1983).

There are no factual allegations in the First Amended Complaint which would establish the elements of IIED against any of the HENDERSON DEFENDANTS.  Plaintiff's Fifth Claim for Relief should be dismissed as to all of the HENDERSON DEFENDANTS.

**VIII.**

**PLAINTIFF HAS NOT STATED A CLAIM FOR RELIEF AGAINST CHIEF MOERS ON ANY OF PLAINTIFF'S STATE LAW CLAIMS**

Plaintiff's Fourth, Fifth and Sixth Claims for Relief pursuant to State law are asserted against all Defendants.  There are insufficient facts alleged to establish the elements of any of the state law claims alleged with respect to CHIEF MOERS.  There is no allegation that CHIEF MOERS was present when the acts complained of occurred. There is nothing alleged in the First Amended Complaint which establishes any basis for CHIEF MOERS to be individually liable for the state tort claims alleged.  MOERS did not have any relationship with PERDUE which would cause MOERS to be vicariously liable for PERDUE'S conduct for False Arrest/False Imprisonment, IIED or Negligence.  MOERS is not alleged to have been present when any of the conduct upon which Plaintiff's State law claims is based occurred. It is not alleged that MOERS was involved or participated in the incident out of which Plaintiff's claims arise.

Plaintiff has failed to state a claim for relief against CHIEF MOERS for False Arrest, False Imprisonment or Negligence and those claims as alleged against CHIEF MOERS should be dismissed.

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

## IX.

## THE PLAINTIFFS STATE LAW CLAIM AGAINST CHIEF MOERS ARE BARRED BY NRS 41.0335

NRS 41.0335(1)(b) precludes any action against a chief of a police department, based solely on any act or omission of an officer of the department.  MOERS has not been alleged to have been present at the alleged stop of Plaintiff on March 8, 2013, nor to have had any involvement.  Although insufficient facts are alleged to state any claims under State law, it is clear from the titles of the State Claims for Relief that an individual Defendant would have to have had actual involvement in the acts or omissions necessary for such claims in order to be liable.  MOERS cannot be liable just because he was the chief of the CITY OF HENDERSON Police Department. The Plaintiff's Fourth, Fifth and Sixth Claims for Relief against MOERS should be dismissed pursuant to the provisions of NRS 41.0335.

## X.

## THIS COURT LACKS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Federal law confers supplemental jurisdiction on the district courts:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. 1367(a).  A district court may only invoke its supplemental jurisdiction when there is a "hook of original jurisdiction on which to hang it." _Herman Family Revocable Trust v. Teddy Bear_, 254 F.3d 802, 805 (9th Cir. 2001).   Section 1367 authorizes district courts to decline to exercise supplemental jurisdiction over pendent claims when it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3). As

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

the United States Supreme Court has held, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966).

In <u>Gibbs</u>, the Court made clear that the purpose of supplemental jurisdiction over pendent state law claims is to promote judicial economy, convenience and fairness. <u>Id.</u> When these considerations are absent, a federal court should be reticent to exercise jurisdiction. <u>Id.</u> The Court explained that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." <u>Id.</u>

Here, the dismissal of Plaintiff's claims over which this Court would have original jurisdiction, necessitates the dismissal of Plaintiff's state law claims for which its jurisdiction would be supplemental. The dismissal of Plaintiff's state law claims would most effectively promote judicial economy, convenience and fairness because Plaintiff could pursue any state law claims that survive dismissal in a Nevada state court.

## XI.

## THE CLAIM FOR EXEMPLARY (PUNITIVE) DAMAGES AGAINST THE CITY IS BARRED AND SHOULD BE DISMISSED

Separate allegations supporting a claim for exemplary damages are not included, but Plaintiff has asked for an award of exemplary damages in his prayer for relief. Punitive damages are not recoverable against the CITY on either the state or federal claims alleged.

NRS 41.031 addresses the circumstances and conditions under which immunity is waived to sue political subdivisions of the State of Nevada, including the CITY OF HENDERSON. NRS 41.035(1) specifically provides that, an award for damages in an

action sounding in tort brought under NRS 41.031 "may not include any amount as exemplary or punitive damages."

It is, likewise, well established that punitive damages are not recoverable against a municipality for Plaintiff's federal law claims.  In *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 266, 101 S. Ct. 2748, 2760, 69 L. Ed. 2d 616 (1981), a Section 1983 action, the Court discussed the background and basis for the fact that punitive damages are not awardable against a municipality.  Punitive damages are not intended to compensate an injured party, but instead to punish the tortfeasor and deter him and others from engaging in the damaging conduct in the future.  In concluding that punitive damages are not awardable against a municipality, the court stated:

> [i]ndeed, punitive damages imposed on a municipality are in effect a windfall to a fully compensated plaintiff, and are likely accompanied by an increase in taxes or a reduction of services for the citizens footing the bill. Neither reason nor justice suggests that such retribution should be visited upon the shoulders of blameless or unknowing taxpayers. At p. 266, 2760.

There is no basis as a matter of law for an award of punitive damages against the CITY OF HENDERSON in the instant matter, and the claim for an award of punitive damages should therefore be dismissed.

Even viewing the factual allegations in a light most favorable to Plaintiff, there is no basis in fact or theory which would allow Plaintiff to recover punitive damages from MOERS.  The claim for punitive damages against Defendant MOERS should also be dismissed.

**XII.**

**PLAINTIFF'S PRAYER FOR DECLARATORY JUDGMENT SHOULD BE DISMISSED**

Plaintiff alleges as follows in paragraph 4 of his First Amended Complaint, under the heading "Jurisdiction":

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

18

4. Plaintiff also seeks declaratory and injunctive relief concerning Defendant Las Vegas Metropolitan Police Department's and City of Henderson's willful violation with the compliance of the Freedom of Information Act.

Plaintiff does not include a separate cause of action concerning the matters alleged in paragraph 4, but in his prayer for damages seeks the following:

5. Declaratory judgement that LVMPD and Henderson have chosen not to comply with Plaintiff's FOIA requests and injunctive relief requiring the Defendants to do so.

Plaintiff does not state a claim for declaratory relief and his prayer for the remedy of declaratory judgment should be dismissed.   The State of Nevada does not have a "Freedom of Information Act", so it must be presumed that the Act to which Plaintiff refers is the Federal Freedom of Information Act ("FOIA"), 5 U.S.C. 551 and 552.   It is well established that FOIA only applies to agencies of the executive branch of the United States government.   *Obama v. Draker*, 664 F. 3d 774 (9th Cir. 2011); *Moore v. United Kingdom*, 384 F. 3d 1079 (9th Cir. 2004). It does not apply to the CITY OF HENDERSON which is a political subdivision of the State of Nevada. The court has no authority to expand the scope of application of FOIA and there is no claim that Plaintiff can legally pursue under FOIA against the parties to this action.   Therefore, the requested declaratory relief is not available as a matter of law and the claim asserted through the prayer for relief should be dismissed.

**XIII.**

**CONCLUSION**

For the foregoing reasons, Defendants CITY OF HENDERSON, OFFICER PERDUE and CHIEF PATRICK MOERS respectfully request that this Honorable Court

/ / /

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

enter its order dismissing each and every claim for relief alleged against them in Plaintiff's

First Amended Complaint for failure to state a claims upon which relief can be granted.

DATED this 10th day of September, 2015.

Respectfully Submitted,

CITY OF HENDERSON
JOSH M. REID, CITY ATTORNEY


*/s/  Nancy D. Savage*
JOSH M. REID
City Attorney
Nevada Bar No. 7497
NANCY D. SAVAGE
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, Nevada 89009
Attorney for Defendants
CITY OF HENDERSON
CHIEF PATRICK MOERS
DETECTIVE PERDUE

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of the CITY OF HENDERSON, and that on the 10th day September, 2015, I served by depositing the same in the United States Mail, postage fully prepaid thereon, a true and correct copy of the foregoing, DEFENDANTS CITY OF HENDERSON, CHIEF PATRICK MOERS AND DETECTIVE PERDUE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT addressed as follows:

Cal J. Potter, III, Esq.
C.J. Potter, IV, Esq.
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102

Jay A. Kenyon, Esq.
YAN KENYON
7881 West Charleston Blvd. #165
Las Vegas, Nevada 89117

_/s/  Laura Kopanski_____
Employee of the Henderson City Attorney's Office