**JOSH M. REID**
City Attorney
Nevada Bar No. 7497
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
nancy.savage@cityofhenderson.com

Attorneys for Defendants
CITY OF HENDERSON, DETECTIVE
PERDUE and CHIEF PATRICK MOERS



CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HARVESTER HARRIS,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF HENDERSON; a political subdivision of the State of Nevada; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; SHERIFF DOUG GILLESPIE, individually; CHIEF PATRICK MOERS, individually; DOE OFFICER I, individually; DOE OFFICER II, individually; DOE OFFICERS III-X; and JOHN DOES I-X, inclusive,<br><br>                    Defendants. | CASE NO.:   2:15-CV-00337-GMN-PAL<br><br><br>**DEFENDANTS CITY OF HENDERSON DETECTIVE PERDUE AND CHIEF PATRICK MOERS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

COME NOW, Defendants CITY OF HENDERSON ("CITY"), DETECTIVE PERDUE

("PERDUE") and PATRICK MOERS ("CHIEF MOERS"), collectively referred to as

"HENDERSON DEFENDANTS", by and through their attorneys Josh M. Reid, City

Attorney and Nancy D. Savage, Esq., Assistant City Attorney for the CITY OF

1

HENDERSON, and provide this Reply in Support of their Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 28).

This Reply is made and based upon the papers and pleadings on file herein and any oral argument at the time of the hearing in this matter, if any.

DATED this 7th day of October, 2015.

CITY OF HENDERSON
JOSH M. REID, City Attorney


*/s/  Nancy D. Savage*
JOSH M. REID, ESQ.
City Attorney
Nevada Bar No. 7497
NANCY D. SAVAGE, ESQ.
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, Nevada 89009
Attorney for Defendants
CITY OF HENDERSON
CHIEF PATRICK MOERS
DETECTIVE PERDUE

**I.**

**FACTUAL SUMMARY**

In summary, the Plaintiff's First Amended Complaint (Doc. 28) alleges the following factual sequence of events:

- Plaintiff's vehicle was stopped by and unmarked SUV, First Amended Complaint ¶ 20

- Defendant NIELSON (Metro Officer) asked if Plaintiff was in a hurry.  Plaintiff said he was responding to a radio call and advised that the Officers were on camera.  NEILSON threatened to call the Taxicab Authority. ¶ 22

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

- DETECTIVE PERDUE (Henderson Officer) "slapped" his badge against the passenger window and identified himself as a police officer and yelled profanities at Plaintiff.  Plaintiff told the Officers that he was not resisting and did not know that NIELSON and PERDUE were police officers.  Then NIELSON (Metro) grabbed Plaintiff's hands and "maliciously" pulled his finger to inflict pain. ¶ 23

- Plaintiff suffered an injury to his right middle finger. ¶ 25

The allegations against all of the HENDERSON DEFEDANTS are all based upon PERDUE'S conduct as alleged above.  The allegations concerning the acts or omissions underlying all of Plaintiff's claims which have not been set forth above, are conclusory and speculative, so should not be accepted for the truth of the matters asserted on a motion to dismiss.

**II.**

**PLAINTIFF HAS NOT ALLEGED FACTS WHICH ARE SUFFICIENT TO STATE A PLAUSIBLE CLAIM AGAINST THE CITY OR CHIEF MOERS UNDER 42 U.S.C. §1983**

Beyond the alleged facts summarized above, Plaintiff's First Amended Complaint consists of vague, non-specific speculative and conclusory allegations which are repeated and incorrectly referred to as "facts" in Plaintiff's Opposition.  Calling something a fact does not make it one.  While all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party on a Fed. R. Civ. Pro. 12(b)(6) motion to dismiss, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  _Associated Gen. Contractors v. Met. Water Dist. of S. Cal._, 159 F.3d 1178, 1181 (9th Cir. 1998).  The facts summarized above are the

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

material facts alleged by Plaintiff in his First Amended Complaint.  They form the basis for each of Plaintiff's claims.  A plausible claim for relief is not stated as to either of the HENDERSON DEFENDANTS.

¶24 alleges that PURDUE "failed to prevent Officer Nielson (sic) use of force which was committed in his presence.  On the contrary Detective Purdue chose not to de-escalate the situation."  ¶24 does not allege "facts" instead it states Plaintiff's conclusions that there were factual circumstances (which have not been alleged by Plaintiff) which established that PERDUE had a legal duty to intervene, at a point not identified, in OFFIECER NIELSON'S conduct.  There are no facts alleged which, if accepted as true would establish the existence of a situation in which PERDUE would have had a duty and an opportunity to intervene.  There are no facts alleged, only speculative and conclusory allegations that circumstances had "escalated", much less that facts establish a duty to de-escalate.

¶25 alleges that NIELSON and PERDUE "unreasonably seized Plaintiff."  Again Plaintiff relies upon a completely conclusory statement instead of facts.  All of the claims alleged against the HENDERSON DEFENDANTS arise from the "factual" allegations against DETECTIVE PERDUE.  The minimal facts actually alleged are insufficient to establish the existence of a plausible claim for relief against any of the HENDERSON DEFENDANTS.

In order for there to be a claim stated against the HENDERSON DEFENDANTS pursuant to 42 U.S.C. §1983, there must be factual allegations that plausibly establish that such defendants were participants in a deprivation of Plaintiff's constitutional rights.  The Plaintiff's claims alleged against the CITY and CHIEF MOERS are all premised upon the allegations against PERDUE, the only Henderson police officer alleged to have been

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

present during the alleged encounter with Plaintiff.  If the allegations do not state a claim for relief against PERDUE, there can be no claims that can survive against the CITY or CHIEF MOERS.

Plaintiff's Opposition makes clear that PERDUE'S alleged actions of holding his badge against the passenger window of Plaintiff's vehicle, identifying himself as a police officer and yelling at Plaintiff, even profanities, is not contended to constitute any violations of Plaintiff's constitutional rights.  The focus of Plaintiff's claim concerning PERDUE'S conduct is that he allegedly failed to prevent NIELSON from injuring Plaintiff.

Plaintiff has failed to allege facts sufficient to state a plausible claim for relief premised upon a failure of PERDUE to intervene to prevent NIELSON from allegedly pulling of Plaintiff's finger.   However, even if it is assumed arguendo that NIELSON'S conduct violated one of Plaintiff's constitutional rights, PERDUE is not liable under § 1983 simply because he was present.  The Plaintiff's allegations summarized above make clear that there was an extremely brief interchange with the Defendant officers before NIELSON allegedly "grabbed HARRIS' hand and maliciously pulled his finger."  See ¶ 23.

A duty to intercede only occurs when there is a **realistic opportunity** to intercede. _Cunningham v. Gates_, 229 F. 3d 1271, 1289-90 (9th Cir. 2000).  In _Cunningham_, the non-shooting officers were found to not have had a "realistic opportunity" to prevent the shooters from firing at Plaintiff.  To establish a claim for failure to intercede to stop another officer from using excessive force, the facts must show that the officer observed or had reason to know that excessive force would be or was being used and that the officer had both the opportunity and the means to prevent the harm from occurring. _Nance v. Sammis_, 586 F. 3d 604, 612 (8th Cir. 2009); See also _Farrington v. Smith_, 707 F. 3d  963, 972 (8th Cir. 2013).  In _Lewis v. Downey_, 581 F 3d 467, 472 (7th Cir. 2009) a guard who stood by

while another guard shot a taser at an inmate in response to an order by his superior officer was found to have had no realistic opportunity to stop the other guard from discharging his taser.

In _Krout v. Goemmer_, 583 F. 3d 557, 565 (8th Cir. 2009) the court added further dimension to "realistic opportunity", finding that the duration of the subject episode is a factor that is relevant to determining whether there was a sufficient amount of time to permit interference of a passive collaborator.   It is well established that presence and observance of excessive force is not the sole requirement for there to be liability for failure to intercede.

The facts alleged viewed in the light most favorable to Plaintiff show that the contact between NIELSON and Plaintiff was very brief before the alleged injury and that NIELSON unexpectedly and suddenly grabbed Plaintiff's hands, at which point the alleged injury occurred.   PERDUE is not required to be clairvoyant or telepathic.   There is no allegation that PERDUE observed or was aware that NIELSON had "grabbed" Plaintiff's hand or had inflicted any injury or pain at the time the incident allegedly occurred.   There is nothing from which it can even be inferred that PERDUE had any advance warning that NIELSON planned to use physical force of any kind on Plaintiff.   Once NIELSON allegedly grabbed Plaintiff's hand and inflicted pain the incident was over.   There is nothing from which it can be inferred that the sudden contact by NIELSON with Plaintiff was of anything other than a short duration (as described NIELSON grabbed Plaintiff's hand and pulled his finger). Even if PERDUE had been aware that NIELSON grabbed Plaintiff's hand, there is not any factual allegation from which it can reasonably be inferred that there was any opportunity for PERDUE to prevent NIELSON from doing so.

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

A plausible factual basis for a failure to intercede claim is absent, even if all of Plaintiff's allegations are accepted as true with reasonable inferences drawn in Plaintiff's favor.  In the absence of such a fact based allegation, claims against the HENDERSON DEFENDANTS should be dismissed.

III.

**A PLAUSIBLE CLAIM FOR RELIEF HAS NOT BEEN STATED AGAINST CHIEF MOERS FOR SUPERVISORY LIABILITY**

In order to establish a claim for § 1983 supervisory liability, a plaintiff must establish that supervisory personnel committed the tort, set in motion the events which he knew or reasonably should have known would cause the constitutional harm, or acquiesced in a constitutional deprivation by subordinates.  *Hydrick v. Hunter*, 500 F. 3d 978, 988 (9th Cir. 2007); see also *Moss v. Secret Service*, 675 F. 3d 1213, 1231 (9th Cir. 2012).

Plaintiff's Opposition reiterates a litany of speculative and conclusory statements alleged in the First Amended Complaint and represents them to be "fact".  In actuality, they are neither "fact" nor are they supported by any factual allegations.  While conceding that CHIEF MOERS was not present at the scene, Plaintiff asserts that CHIEF MOERS is individually liable pursuant to a theory of supervisory liability.

In order for a person acting under the color of state law to be liable under § 1983 there must be a showing of personal participation in the alleged rights deprivation.  *Jones v. Williams*, 297 F. 3d 930, 934 (9th Cir. 2002).   A supervisor is liable under § 1983 for a subordinate's constitutional violations, "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989).

When a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See*

7

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

*Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.1978), cert. denied, 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some **facts** indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Although federal pleading standards are broad, some facts must be alleged to support claims under § 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Plaintiff has failed to allege facts sufficient to state a claim for supervisory liability under § 1983 against CHIEF MOERS.

Plaintiff's reliance upon *Larez v. City of Los Angeles*, 946 F. 3d 630 (9th Cir. 1991) is misplaced. *Larez* does not support his contention that he has adequately plead a claim for supervisory liability. *Larez* did not address the sufficiency of the allegations of a plaintiff's complaint against a police chief. However, the case did itemize the claims against the police chief concerning policies and procedures which plaintiff there was permitted to pursue. Unlike those alleged by HARRIS in the present case, the policies and procedures which formed the basis of the claims against Gates in *Larez* were specific and directly addressed the conduct upon which the plaintiff's claims were premised. There is nothing which would indicate that the original pleading was completely devoid of supporting factual allegations as is the case with the HARRIS First Amended Complaint here.

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

HARRIS has alleged that the PERDUE was working on a task force with NIELSON who was from a completely separate law enforcement agency.  There is no allegation and no factual support for a claim that CHIEF MOERS was supervising the task force or its operations.   HARRIS' apparent position is that CHIEF MOERS and the CITY are responsible through PERDUE for alleged unconstitutional deprivations by NIELSON who was not in CHIEF MOERS' chain of command and over whom CHIEF MOERS had no supervisory authority.   Plaintiff in essence seeks to impute NIELSON'S actions to PERDUE and through PERDUE to CHIEF MOERS and the CITY. Neither CHIEF MOERS nor the CITY has derivative liability as a result of the NIELSON'S actions.

In any event, HARRIS has failed to even allege facts sufficient to establish the bare elements of a claim for supervisory liability against CHIEF MOERS.  He was not at the scene, he did not participate and he did not know of violations being committed and fail to prevent them. Plaintiff has failed to articulate any specific policy that he alleges applied to PERDUE'S alleged conduct with respect to his contact with HARRIS leading to a constitutional deprivation.  Plaintiff's allegations regarding policies are not specific and not sufficiently specific to meet the pleading standards of *Iqbal* and *Trombley*. The claim against CHIEF MOERS for supervisory liability should be dismissed for failure to state a claim.

**IV.**

**A PLAUSIBLE CLAIM FOR MUNICIPAL LIABILITY HAS NOT BEEN STATED AND DISMISSAL IS APPROPRIATE**

In order to state a *Monell* claim against a municipality for "deliberate inaction," the plaintiff must state: "(1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

moving force behind the constitutional violation." _Beckwith v. Pool_, 2013 WL3049070 (D. Nev. 2013) quoting _Miranda v. City of Cornelius,_ 429 F.3d 858, 868 (9th Cir. 2005).

Without allegations of **fact** which establish a plausible basis for a claim of a violation of Plaintiffs' constitutional rights, no action can lie for municipal liability under _Monell v. Dept. of Social Services_, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611(1978). See also _Burns v. Barreto,_ 2011 WL 476505, 4 (E.D. Cal. 2011).  A municipality can only be liable if a municipal policy was the **driving force** behind the constitutional deprivation. _Villegas v. City of Colton_, 2010 LEXIS 130454; 2010 WL 5252721 (C.D. Cal.); _Galen v. County of Los Angeles_, 477 F. 3d 652, 667 (9th Cir. 2007).   Vague or generalized allegations concerning policies alleged to have caused an alleged deprivation are not enough.   A Plaintiff seeking to impose liability upon a municipality under § 1983, is required to identify **a specific policy or custom** as the basis for his claim. _Monell_, _supra_ at 694.  HARRIS has not identified with specificity any municipal policy alleged to have a direct nexus to a constitutional deprivation alleged against the CITY.

In Cunningham, _supra_, the court stated that:

> It is by now axiomatic that the doctrine of _respondeat superior_ does not apply to claims under section 1983. _See Voutour v. Vitale,_ 761 F.2d 812, 819 (1st Cir.1985). A municipality or its supervisory personnel can be held liable for the constitutional misconduct of its employees **only on the basis of an "affirmative link" between their acts and those of the offending employee**. _Id._ at 820. In order to establish municipal liability, the plaintiff must show that the acts or omissions of the municipality's policymakers evidence "deliberate indifference" to the rights of its inhabitants. _Canton v. Harris,_ 489 U.S. 378, 387–90, 109 S.Ct. 1197, 1204–05, 103 L.Ed.2d 412, 426–27 (1989). Supervisors similarly can be held liable only on the basis of their own acts or omissions, amounting at the least to "reckless" or "callous" indifference to the constitutional rights of others. _Gutierrez–Rodriguez v. Cartagena,_ 882 F.2d 553, 562 (1st Cir.1989).  Emphasis added.

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET   MSC 144
HENDERSON, NV 89015

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

While alleging that PERDUE'S culpable conduct was the failure to intercede, HARRIS seems to attempt to claim that the CITY and CHIEF MOERS are responsible for the alleged underlying violation by NIELSON who Plaintiff concedes is not an employee of the CITY or subject to supervision or direction of CHIEF MOERS.  There is no "affirmative link" or nexus between NIELSON'S conduct and the CITY or MOERS.  Neither the CITY nor MOERS can be held legally responsible for the conduct of NIELSON which is the conduct which forms the basis for all HARRIS' claims of constitutional deprivation.  There are no allegations that PERDUE ever had any physical contact with HARRIS and it is not alleged that PERDUE used excessive force.

Based upon the few factual allegations stated in the First Amended Complaint there is no connection between PERDUE'S conduct during the incident and the broad and vague allegations made by HARRIS concerning CITY policies upon which HARRIS' *Monell* claims are based.  For example, HARRIS states in his First Amended Complaint and again in his Opposition that, "Henderson maintained de facto policies, and organizational customs and cultures to handcuff and use painful holds on citizens in traffic stops and to give 'street justice' to individuals whom Henderson officers believed had disrespected their authority."  (Doc. 28, pg. 10, ln. 11 -14)  There is no allegation that HARRIS was handcuffed or that PERDUE touched HARRIS or had any physical contact with him.  Even if it were assumed that such a policy existed, there is no arguable nexus between said policy and HARRIS' alleged injuries.

None of the CITY's policies, real or as imagined by Plaintiff, could be the moving force for PERDUE'S actions because NIELSON was not subject to the CITY'S policies. None of the overly broad, nonspecific descriptions of alleged CITY policies set forth by HARRIS in his First Amended Complaint could have been the moving force for HARRIS'

injuries as he is alleged to have received them.  Likewise neither MOERS nor the CITY were legally capable of ratifying the conduct of NIELSON, which is the alleged basis for HARRIS' claim of constitutional deprivation.

Plaintiff acknowledges that more than acquiescence by a policymaker is required to constitute ratification.  For ratification to occur, a *policymaker* must make a deliberate choice among many alternatives.   Plaintiff provides no factual basis that CHIEF MOERS is a "policymaker" with the ability to bind the CITY for purposes of ratifying an unconstitutional act.  Further, CHIEF MOERS is acknowledged not to have been present and there is no allegation that he was personally directing the actions of PERDUE during the incident in issue.  As a result, any involvement would have been after the fact and there would not be a choice to make in terms of directing that PERDUE take some other action at the scene.  It is the conduct of NEILSON, over whom the CITY and MOERS have no alleged control, who allegedly committed the constitutional deprivation for which HARRIS seeks recovery.  Neither the CITY nor MOERS has a relationship with NIELSON which would give them the legal ability to direct or to ratify his conduct.

Dismissal of Plaintiff's municipal liability claim against the CITY OF HENDERSON is appropriate.

### V.

### PLAINTIFF'S STATE LAW CLAIMS AGAINST CHIEF MOERS ARE BARRED BY NRS 41.0335

Plaintiff has conceded that CHIEF MOERS was not present during the traffic stop out of which his First Amended Complaint arises and has not opposed the Motion to Dismiss with respect to dismissal of the state law claims alleged against CHIEF MOERS pursuant to the provisions of NRS 41.335(1)(b).

NRS 41.0335(1)(b) expressly provides that **no action** may be brought against a chief of a police department premised solely upon any act or omission of an officer of the department.  All of HARRIS' state law claims in the instant action are premised upon the alleged conduct of PERDUE.  In *Schultz v. Lamb*, 504 F. 2d 1009 (9th Cir. 1974) the court held that an action for false imprisonment was properly dismissed against the Clark County Sheriff pursuant to NRS 41.0335 and that the statute relieved the individuals covered by the statute from respondeat superior liability.

Based on the above and the Plaintiff's lack of opposition thereto, Plaintiff's 4th Claim for false arrest/false imprisonment; 5th Claim for intentional infliction of emotional distress and 6th Claim for negligence alleged against CHIEF MOERS under state law should be dismissed pursuant to NRS 41.0335.

**VI.**

**PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT HIS STATE LAW CLAIMS AGAINST THE HENDERSON DEFENDANTS**

The facts alleged do not state sufficient facts to support the existence of Plaintiff's state law claims against the HENDERSON DEFENDANTS.

**A. False Arrest/False Imprisonment Claim**

Plaintiff primarily relies on authorities addressing false imprisonment claims against individuals who are not affiliated with law enforcement agencies in his Opposition and seeks to have this court apply an inappropriate standard.  He ignores the fact that the conduct which may constitute a false imprisonment if done by an individual who is not acting in a law enforcement capacity does not constitute a false imprisonment when law enforcement is involved.  Under Nevada law, false imprisonment is defined as the confinement or detention of another person without sufficient legal authority. NRS 200.460.

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

It is well settled that in certain situations a police officer may detain a person for the purpose of investigating possible criminal behavior, even absent the existence of probable cause to arrest that person. _Ramirez v. City of Reno_, 925 F. Supp. 681, 685 (D. Nev. 1996); citing _Adams v. Williams,_ 407 U.S. 143, 145-46, 92 S.Ct. 1921, 1922-23, 32 L.Ed.2d 612 (1972); _Terry v. Ohio,_ 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); and _Pellegrino v. United States,_ 73 F.3d 934 (9th Cir.1996).  Under Nevada law, a law enforcement officer is expressly authorized by state statute to detain any person whom the officer encounters under circumstances which reasonably indicate that the person has committed, is committing or is about to commit a crime. NRS 171.123.

The facts alleged do not state that needed for a prima facie case of false arrest or imprisonment against PERDUE.  The facts alleged, even if accepted as true, do not state a claim upon relief could be granted against CHIEF MOERS.  The 4th Claim for Relief should be dismissed for failure to state a claim against all of the HENDERSON DEFENDANTS, or any of them, for false arrest or false imprisonment.

**B. Intentional Infliction of Emotional Distress**

The elements of an intentional infliction of emotional distress (IIED) claim are: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) actual or proximate causation. _Dillard Dep't Stores, Inc. v. Beckwith,_ 115 Nev. 372, 989 P.2d 882, 886 (Nev.1999). The defendant's actions must "go beyond all possible bounds of decency [and be] atrocious and utterly intolerable." _Hirschhorn v. Sizzler Rests. Int'l, Inc.,_ 913 F.Supp. 1393, 1401 (D.Nev.1995). See also _French v. Carson City_, 2015 WL461647 (d. Nev. 2015) and _Beckwith_, _supra_.

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

14

Plaintiff has failed to allege facts which would, if accepted as true, establish a claim against any of the HENDERSON DEFENDANTS in this action for IIED.  The only use of force mentioned in HARRIS' First Amended Complaint (Doc. 28, ¶ 23) is specifically alleged to have been by NIELSON who is not identified as a CITY employee.    HARRIS' factual allegations fail to establish whether, when, how or by whom Plaintiff was allegedly handcuffed or for how long.  Although at ¶ 64 he references NIELSON and PERDUE'S "use of force by handcuffing and false imprisonment" the allegation is vague, conclusory and nonspecific. There is no allegation that PERDUE ever had physical contact with the Plaintiff.

In any event, Plaintiff has failed to allege facts which would be sufficient to support a claim for IIED against the HENDERSON DEFENDANTS, or any of them, and the 5th Claim for Relief should be dismissed for failure to state a claim.

## C. Negligence

To state a claim for negligence, a plaintiff must allege that: (1) defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages. *Scialabba v. Brandise Constr. Co., Inc.,* 112 Nev. 965, 968, 921 P.2d 928, 930 (Nev.1996). Whether a defendant owes plaintiff a duty of care is a question of law. *Id.* at 969, 921 P.2d 928.

HARRIS' claim against the HENDERSON DEFENDANTS is allegedly premised upon the contention that PERDUE did not prevent NIELSON from injuring the Plaintiff. While claims under such a theory have been permitted within the context of § 1983 actions, there is no authority supporting the existence of a similar duty to prevent a third party from causing an injury to a plaintiff, under a general theory of negligence.  It is generally true that government is not liable for failing to prevent the unlawful acts of others.



CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

15

The duty of government runs to all citizens and is to protect the safety and well-being of the public at large. _Bruttomesso v. Las Vegas Metro. Police Dep't,_ 591 P.2d 254, 255 (Nev.1979) (in which a claim against a police department for not preventing injury to the plaintiff failed). In the absence of a special relationship or duty particular to Plaintiff, which has not been alleged here, PERDUE is not liable to Plaintiff under a negligence theory and neither are the other HENDERSON DEFENDANTS. _Saavedra v. Las Vegas Metro Police Dept._, 2012 WL1019159 (D. Nev. 2012).

Plaintiff's cites the general elements of negligence in his response and asserts that respondeat superior applies to the city.  He asserts that the allegations making conclusory statement, which do not tie to specific facts alleged, state a claim for negligence. However, in the absence of specific facts, a claim is not stated.  Plaintiff states that his negligence claims are premised upon the allegations that the duties owed (italicized) to Plaintiff were as follows:

a.    _To refrain from using unreasonable force_.  There are no allegations of force used by PERDUE, thus no breach of duty by any of the HENDERSON DEFENDANTS.

b.    _To refrain from creating a situation where force is used_.  There are no allegations of fact that force was used by PERDUE.  There are no allegations of fact which would support PERDUE was "creating a situation where force was used."  However, contrary to Plaintiff's assertion, there was no duty as discussed above for PERDUE to read NIELSON'S mind and intervene.  Plaintiff provides no legal authority which supports his contention that the HENDERSON DEFENDANTS are responsible for NIELSON'S actions.  An adequate nexus has not been alleged or established.

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

c.   *To refrain from abusing the authority granted to them.* Again the factual allegations concerning the HENDERSON DEFENDANTS' conduct in this matter, if accepted as true, do not support the existence of a claim against any of them premised upon this asserted duty.

d.   *To refrain from violating Plaintiff's constitutional rights.*  For all of the reasons already stated hereinabove, the Plaintiff has failed to allege sufficient facts to establish constitutional violations by the HENDERSON DEFENDANTS or any of them. Hence, there can be no breach of duty.

HARRIS has failed to allege sufficient specific facts, which if accepted as true, establish the breach of a duty owed to Plaintiff by the HENDERSON DEFENDANTS, or any of them.  Plaintiff's 6th Claim for Relief should be dismissed for failure to state a claim against the HENDERSON DEFENDANTS.

**VII.**

**PLAINTIFF'S ALTERNATIVE REQUEST TO BE ALLOWED TO AMEND THEIR FIRST AMENDED COMPLAINT SHOULD BE DENIED**

Plaintiff requests, in the alternative, that he be permitted to amend his First Amended Complaint, "to clarify any deficiencies".   At p. 22, ln. 16-28 of Plaintiffs' Opposition (Doc.40). Plaintiff has not attached a copy of his proposed amended pleading as required by LR 15-1 and has not indicated in his Opposition what would be added or changed.

It is within the court's discretion whether to grant or deny a motion to amend. *Lockheed Martin Corp. v. Network Solutions*, 194 F. 3d 980 (9th Cir. 1999).  In the instant matter, the legal basis for the causes of actions alleged by Plaintiff are tenuous, as more fully discussed above and in the Motion to Dismiss.  The Section 1983 claims are devoid of allegations of a violation of any cognizable constitutional right by any of the

HENDERSON DEFENDANTS, which is an essential element.   Further, the First Amended Complaint is an amended complaint.   How many bites of the apple does Plaintiff get? Where the legal basis for a cause of action is tenuous, futility supports denial of a request to amend.  *Morongo v. Band of Mission Indians*, 893 F. 2d 893, 1079 (9th Cir. 1990).

The statute of limitations has run in this matter and Plaintiffs should not be permitted to again amend their First Amended Complaint in a manner which would state claims not previously alleged.   Premised upon such limitations, amendment would be futile.   Plaintiff should not be permitted to amend without having submitted a proposed Second Amended Complaint pursuant to LR-15-1.

## VIII.

## CONCLUSION

For the foregoing reasons, Defendants CITY OF HENDERSON, DETECTIVE PERDUE and CHIEF PATRICK MOERS respectfully request that this Honorable Court enter its order dismissing each and every claim for relief alleged against them in Plaintiff's First Amended Complaint for failing to state any claims upon which relief can be granted.

DATED this 7th day of October, 2015.

CITY OF HENDERSON
JOSH M. REID, CITY ATTORNEY


*/s/  Nancy D. Savage*
JOSH M. REID
City Attorney
Nevada Bar No. 7497
NANCY D. SAVAGE
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, Nevada 89009
Attorney for Defendants
CITY OF HENDERSON, DETECTIVE PERDUE,
CHIEF PATRICK MOERS

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

18

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of the CITY OF HENDERSON, and that on the 7th day of October, 2015, I served by depositing the same in the United States Mail, postage fully prepaid thereon, a true and correct copy of the foregoing, DEFENDANTS CITY OF HENDERSON, DETECTIVE PERDUE AND CHIEF PATRICK MOERS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, addressed as follows:

Cal J. Potter, III, Esq.
C.J. Potter, IV, Esq.
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102

Jay A. Kenyon, Esq.
YAN KENYON
7881 West Charleston Blvd. #165
Las Vegas, Nevada 89117

Lyssa S. Anderson, Esq.
Ryan W. Daniels, Esq.
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

/s/  Laura Kopanski
Employee of the Henderson City Attorney's Office