UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HARVESTER HARRIS, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CITY OF HENDERSON, a political ) <br> subdivision of the State of Nevada; LAS ) <br> VEGAS METROPOLITAN POLICE ) <br> DEPARTMENT, a political subdivision of the ) <br> State of Nevada; SHERIFF DOUG ) <br> GILLESPIE, individually; CHIEF PATRICK ) <br> MOERS, individually; OFFICER SCOTT ) <br> NIELSON, P#4408, individually; ) <br> DETECTIVE PURDUE, individually; DOE ) <br> OFFICERS III-X; and JOHN DOES I-X, ) <br> inclusive, ) <br> ) <br> Defendants. ) | Case No.: 2:15-cv-00337-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 31) filed by Defendants Sheriff Doug Gillespie ("Gillespie") and Las Vegas Metropolitan Police Department ("LVMPD") (collectively, "Defendants"). Plaintiff Harvester Harris ("Plaintiff") filed a Response (ECF No. 36), and Defendants filed a Reply (ECF No. 38).

I.   **BACKGROUND**

This case arises out of a traffic stop involving Plaintiff and Defendants Officer Scott Nielson and Detective Purdue. Plaintiff was working as a cab driver on March 8, 2013, when "he was stopped by an unmarked SUV with Officer Nielson and Detective Purdue." (Am. Compl. ¶ 20, ECF No. 28). Plaintiff further alleges that "Officer Nielson and Detective Purdue … identified themselves by badge as police officers." (*Id.* ¶ 21). Moreover, Plaintiff alleges that "[b]oth Officer Nielson and Detective Purdue were in plain clothes and not acting as traffic

officers," yelled profanities at Plaintiff, and "Officer Nielson [] grabbed [Plaintiff's] hands and maliciously pulled his finger to inflict pain." (*Id.* ¶ 23). Furthermore, Plaintiff alleges that, "[a]s a result of Defendants' use of force, and choice not to prevent the use of excessive force, Plaintiff has suffered permanent injuries to his right middle finger." (*Id.* ¶ 25).

Plaintiff filed the instant action on February 25, 2015. (*See* Compl., ECF No. 1). On July 31, 2015, the parties filed a Stipulation to Amend Complaint (ECF No. 25), and on August 10, 2015, Plaintiff filed his First Amended Complaint (ECF No. 28). Plaintiff's Amended Complaint alleges the following causes of action: (1) 42 U.S.C. § 1983 violations against Defendant Officer Nielson and Detective Purdue; (2) 42 U.S.C. § 1983 violations against Defendant Gillespie, Defendant Moers and Doe Defendants III-X; (3) *Monell* claim against LVMPD and City of Henderson ("Henderson"); (4) false arrest/false imprisonment against all defendants; (5) intentional infliction of emotional distress against all defendants; and (6) negligence against all defendants. (Am. Compl. ¶¶ 28–72).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

#### A. Section 1983 Claim Against Gillespie

Plaintiff's second cause of action alleges a violation of 42 U.S.C. § 1983 against Gillespie. (Am. Compl. ¶¶ 40–47). "Personal-capacity suits … seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, … 'to

establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'" *Hafer v. Melo*, 502 U.S. 21, 25 (citation omitted) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). However, at bottom, "each [g]overnment official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

To adequately plead a local government official's personal liability, a plaintiff must plead facts from which a court could reasonably infer (1) that the official was personally involved in the alleged constitutional deprivation, or (2) the existence of a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989). Thus, personal, supervisory liability "exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* (internal quotation marks omitted).

Here, neither party asserts that Defendant Gillespie was personally involved in, or even present during, the alleged incident that resulted in Plaintiff's injuries. Rather, Plaintiff asserts that he suffered the alleged constitutional violations as a result of a series of policies that all defendants, including Defendant Gillespie, either implemented or ratified. (Am. Compl. ¶ 49). However, Plaintiff's Complaint lacks any factual allegations specifically linking any of these polices or these actions to Defendant Gillespie. Similarly, the Complaint lacks any allegations of discrete actions taken by Defendant Gillespie that *caused* the alleged injuries. Accordingly, because Plaintiff has failed to provide anything beyond insufficient conclusory allegations, the Court must dismiss this claim against Defendant Gillespie in his personal capacity. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (holding that a formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible); *see also Suever v. Connell*, 579 F.3d

1047, 1061–62 (9th Cir. 2009) (affirming the district court's dismissal of a § 1983 complaint for failing to "differentiate at all among the four named defendants" and failing "to tie any particular harm that any particular plaintiff allegedly suffered to any discrete action taken by [the government official]").

For these reasons, the Court grants Defendants' Motion to Dismiss as to Plaintiff's § 1983 claim against Defendant Gillespie. However, this cause of action is dismissed without prejudice. Because the Court cannot find that amendment would be futile, the Court grants leave to file a second amended complaint that cures the deficiencies identified in this Order.

**B. State Law Claims Against Gillespie**

Plaintiff's fourth, fifth, and sixth causes of action are those for various state torts. (Am. Compl. ¶¶ 57–72). Each claim as alleged against Gillespie fails.

Nevada law immunizes certain officers and employees of political subdivisions for the acts or omissions of other persons. In particular, "[n]o actions may be brought against (a) a sheriff or county assessor which is based solely upon any act or omission of a deputy; (b) a chief of a police department which is based solely upon any act or omission of an officer of the department ..." NRS 41.0335(1)(a)–(b). Plaintiff's claims for false arrest, false imprisonment, and intentional infliction of emotional distress seek to hold Gillespie liable for Officer Nielson and Detective Purdue's alleged acts, and are therefore barred by Nevada law.

Plaintiff's sixth claim seeks to hold Gillespie liable under a theory of negligent hiring, training, supervision, or retention. However, Gillespie enjoys immunity from such a claim under Nevada's discretionary immunity statute. *See* NRS 41.032(2); *see also Beckwith v. Pool*, 2013 WL 3049070 at *6–7 (D. Nev. Jun. 17, 2013). Accordingly, the state law claims against Defendant Gillespie are dismissed without prejudice. Because the Court cannot find that amendment would be futile, the Court grants leave to file a second amended complaint that cures the deficiencies identified in this Order.

### C. *Monell* Claim Against LVMPD

Plaintiff's third cause of action alleges *Monell* claims against Defendant LVMPD. (Am. Compl. ¶ 48–56). Pursuant to *Monell*, municipalities can be sued directly under § 1983 for violations of constitutional rights. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To bring a claim for the deprivation of a constitutional right by a local governmental entity, Plaintiff "must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the [P]laintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–91 (1989)).

In his Complaint, Plaintiff alleges that Officer Nielson and Detective Purdue's conduct was pursuant to various customs, policies, practices, and/or procedures of LVMPD, which directed, encouraged, allowed, and/or ratified as follows: (1) to arrest and or detain individuals for traffic violations by handcuffing citizens and the use of pain compliance techniques on traffic stops; (2) to fail to use appropriate and generally accepted law enforcement procedures by undercover officers; (3) to fail to use appropriate and generally accepted law enforcement procedures in requiring use of force reports to be used where an injury occurs; (4) to cover-up violations of constitutional rights; (5) to allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel; and (6) to tolerate poorly performing officers and failing to adequately discipline those officers for misconduct. (Am. Compl. ¶ 49). Moreover, Plaintiff alleges that LVMPD "maintained *de facto* policies, and organizational customs and cultures to handcuff and use painful holds on citizens in traffic stops and to give 'street justice' to individuals whom LVMPD … officers believed had disrespected their authority." (*Id.* ¶ 50). Furthermore, Plaintiff alleges that "[t]he

aforementioned customs, policies, practices, and procedures, were the moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983." (*Id.* ¶ 54).

The Court finds that Plaintiff's allegations, which are taken as true and viewed in a light most favorable to Plaintiff, sufficiently plead a *Monell* claim against LVMPD. Accordingly, Defendants' Motion to Dismiss is denied as to this claim.

### D. State Law Claims Against LVMPD

Plaintiff's fourth and fifth claims against LVMPD do not contain any allegations as to LVMPD. (Am. Compl. ¶¶ 57–65). Rather, the allegations solely relate to Officer Nielson and Detective Purdue. Accordingly, the Court dismisses these two claims against LVMPD.

Plaintiff's sixth claim seeks to hold LVMPD liable under a theory of negligent hiring, training, supervision, or retention. (Am. Compl. ¶¶ 66–72). However, LVMPD enjoys immunity from such a claim under Nevada's discretionary immunity statute. See NRS 41.032(2); see also *Beckwith v. Pool*, 2013 WL 3049070 at *6–7 (D. Nev. Jun. 17, 2013). Accordingly, the state law claims against LVMPD are dismissed without prejudice. Because the Court cannot find that amendment would be futile, the Court grants leave to file a second amended complaint that cures the deficiencies identified in this Order.

### E. Declaratory Judgment Against LVMPD

In his Amended Complaint, Plaintiff requests a declaratory judgment "that LVMPD … [has] chosen not to comply with Plaintiff's FOIA requests and injunctive relief requiring [LVMPD] to do so." (Am. Compl. 14:7–8). LVMPD argues that Plaintiff is not entitled to such relief because "it is unclear what legal certainty Plaintiff wishes this Court to resolve," such relief is moot because LVMPD provided requested information to Plaintiff, and Plaintiff cannot make a request under 5 U.S.C. §§ 551–52 because "FOIA requests apply only to agencies of the executive branch of the United States government." (Mot. Dismiss 12:22–13:7). In his

Response, Plaintiff clarifies that "LVMPD is subject to Nevada's State Freedom of Information Act which is promulgated as Nevada's Open Records law, NRS § 239. Consequently, LVMPD is subject to the state statute and this Court may properly require LVMPD to comply with the statute." (Response 14:1–3). In reply, LVMPD argues that declaratory relief is unnecessary "because Plaintiff has already sued the only two individuals involved in Plaintiff's allegations—Defendant Officers Nielson and Purdue." (Reply 7:22–8:2, ECF No. 38).

While LVMPD argues that such declaratory relief is unnecessary, this argument fails at the motion to dismiss stage because the Court is required to accept Plaintiff's allegations as true in a light most favorable to Plaintiff. Accordingly, accepting Plaintiff's allegations as true in a light most favorable to Plaintiff, the Court finds that Plaintiff's requested relief is sufficient to survive Defendants' Motion to Dismiss.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 31) is **GRANTED in part** and **DENIED in part**. Accordingly, Plaintiff's claims against Defendant Gillespie are dismissed without prejudice. Moreover, Plaintiff's state law claims against LVMPD are dismissed without prejudice. However, Plaintiff's *Monell* claim against LVMPD survives Defendants' Motion to Dismiss.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file a second amended complaint to cure the deficiencies identified in this Order. Accordingly, Plaintiff shall file his second amended complaint by **December 8, 2015**. Failure to file a second amended complaint by this date shall result in the Court dismissing Plaintiff's claims against Gillespie and Plaintiff's state law claims against LVMPD with prejudice.

**DATED** this ___24___ day of November, 2015.

Gloria M. Navarro, Chief Judge
United States District Judge