# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HARVESTER HARRIS,        ) | |
|           ) | |
|        Plaintiff,     ) | Case No.: 2:15-cv-0337-GMN-PAL |
|    vs.                   ) | |
|           ) | **ORDER** |
| CITY OF HENDERSON, a political   ) | |
| subdivision of the State of Nevada; LAS ) | |
| VEGAS METROPOLITAN POLICE    ) | |
| DEPARTMENT, a political subdivision of the ) | |
| State of Nevada; SHERIFF DOUG    ) | |
| GILLESPIE, individually; CHIEF PATRICK ) | |
| MOERS, individually; OFFICER SCOTT   ) | |
| NIELSON, P#4408, individually;     ) | |
| DETECTIVE PURDUE, individually; DOE ) | |
| OFFICERS III-X; and JOHN DOES I-X,   ) | |
| inclusive,                 ) | |
|           ) | |
|        Defendants.    ) | |
| _____ ) | |

Pending before the Court is the Motion to Dismiss Plaintiff's Second Amended Complaint, (ECF No. 56), filed by Defendants City of Henderson ("Henderson"), Chief Patrick Moers ("Chief Moers"), and Detective Perdue (collectively, "Henderson Defendants"). Plaintiff Harvester Harris ("Plaintiff") filed a Response, (ECF No. 60), and Henderson Defendants filed a Reply, (ECF No. 62). For the following reasons, the Motion to Dismiss is GRANTED.[1]

---

[1] Also pending before the Court is the Motion to Dismiss, (ECF No. 55), filed by Defendants Sheriff Douglas Gillespie ("Gillespie") and the Las Vegas Metropolitan Police Department ("LVMPD") (collectively "Las Vegas Defendants"). The Motion seeks dismissal of Plaintiff's claims against Gillespie and Plaintiff's state law claims against LVMPD with prejudice. (Mot. to Dismiss 2:18–20, 8:10–9:2). Because Plaintiff does not oppose dismissal of this Motion, (*see* Resp. to Las Vegas Defendants' Mot. to Dismiss 2:25–26, (ECF No. 61)), Las Vegas Defendants' Motion to Dismiss is hereby GRANTED.

## I.   **BACKGROUND**

This case arises out of a traffic stop involving Plaintiff and Defendants Officer Scott Nielson ("Officer Nielson") and Detective Perdue (collectively "Officers").  Specifically, Plaintiff was working as a cab driver on March 8, 2013, when "he was stopped by an unmarked vehicle by Officer Nielson and Detective Perdue." (Sec. Am. Compl. ("SAC") ¶ 20, ECF No. 53).  While Plaintiff was stopped, "Officer Neilson walked up to the [P]laintiff's driver's side door and Detective Perdue walked up to the [P]laintiff's passenger door, thereby seizing the Plaintiff." (*Id*. ¶ 25).  Plaintiff alleges he did not know the Officers were law enforcement because both men were wearing plain clothes. (*Id*. ¶¶ 27, 41).  Plaintiff and the Officers "interacted and after two minutes, Detective Perdue slapped his police badge on the window of the passenger door and after about three minutes into the stop, Officer Neilson told the plaintiff to get out of his car." (*Id*. ¶ 27).  Both yelled profanities at Plaintiff and, while handcuffing Plaintiff, "Officer Nielson [] grabbed [Plaintiff's] hands and maliciously pulled his finger to inflict pain." (*Id*. ¶ 30).  At this time, Plaintiff "advised Defendant[s] [] that they were on camera." (*Id*. ¶ 32).

Plaintiff was seized for "approximately 16 minutes." (*Id*. ¶ 28).  Additionally, no traffic citation was issued. (*Id*.).  Plaintiff alleges that "[a]s a result of Defendants' use of force, and choice [sic] not to prevent the use of excessive force, Plaintiff has suffered permanent injuries to his right middle finger." (*Id*. ¶ 34).  Furthermore, Plaintiff asserts he was unreasonably seized and "improperly searched" by Officer Nielson and Detective Perdue, the handcuffing "was improper," and the Officers used excessive force against him. (*Id*. ¶¶ 35, 54, 79).

Following this incident, Plaintiff made Freedom of Information Act ("FOIA") requests to both Las Vegas Defendants and Henderson Defendants, "however each department chose not to comply." (*Id*. ¶ 37).  Additionally, there is no evidence as to whether the Henderson Police Department conducted an investigation of Detective Perdue. (*Id*. ¶ 106).

Plaintiff filed the instant action on February 25, 2015. (*See* Compl., ECF No. 1).  On July 31, 2015, the parties filed a Stipulation to Amend Complaint (ECF No. 25), and on August 10, 2015, Plaintiff filed his First Amended Complaint ("FAC") (ECF No. 28).  On June 20, 2016, Plaintiff's FAC was dismissed without prejudice and Plaintiff was granted leave to file a second amended complaint to cure the deficiencies described in the Order which pertained to Henderson Defendants. (Dismissal Order, ECF No. 50).

Plaintiff's SAC alleges the following causes of action: (1) 42 U.S.C. § 1983 violations against Defendant Officer Nielson and Detective Perdue; (2) 42 U.S.C. § 1983 violations against Defendant Gillespie and Chief Moers; (3) *Monell* claims against Henderson and LVMPD; (4) false arrest/false imprisonment against all Defendants; (5) intentional infliction of emotional distress against all Defendants; and (6) negligence against all Defendants. (SAC ¶¶ 107–57).

## II.   <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   <u>DISCUSSION</u>

In the instant Motion, Henderson Defendants argue Plaintiff's claims should be dismissed because "Plaintiff's [SAC] fails to articulate a factual basis for a plausible claim for any of the causes of actions alleged against the Henderson Defendants." (Mot. to Dismiss 6:24–25).  The claims will be addressed in turn.

### A.  Section 1983 Claims Against Detective Perdue

Plaintiff's first cause of action asserts violations pursuant to § 1983. (*See* SAC ¶¶ 107–120).  For a 42 U.S.C. § 1983 claim, a plaintiff must: (1) allege a violation of a constitutional right and (2) show that the alleged violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Further, "in order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

 Moreover, a police officer has "a duty to intercede when [his] fellow officers violate the constitutional rights of a suspect or other citizen" and will be liable for the deprivation along with his fellow officers if he fails to intercede. *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000) (citing *United States v. Koon,* 34 F.3d 1416, 1447 n.25 (9th Cir. 1994)).  Thus, "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance." *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 207 n. 3 (1st Cir. 1990). "Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham*, 229 F.3d at 1289. "A police officer cannot be held liable for failing to intercede if he has no realistic opportunity to prevent an attack." *Gaudreault*, 923 F.2d at 207.

Here, Plaintiff argues "[t]he searching of Plaintiff, the handcuffing of Plaintiff, and pulling the Plaintiff's finger down was unnecessary, unreasonable, excessive force." (SAC ¶ 109).  Detective Perdue "failed to intervene in [the] excessive force used by Officer Neilson despite having an ample opportunity to do so based upon the fact that the excessive force was

committed in his presence." (*Id.* ¶ 108).  Henderson Defendants argue that "Plaintiff has failed to allege facts which would establish a violation of any of Plaintiff's constitutional rights by any of the Henderson Defendants." (Mot. to Dismiss 7:2–25).  There is no dispute that the officers were acting under color of state law.

Previously, the allegations relating to Detective Perdue's conduct were dismissed because the Court could not infer that Detective Perdue had a "realistic opportunity" to intercede upon Officer Nielson's actions. (Dismissal Order 4:11–14).  Plaintiff revised his allegations against Detective Perdue in his SAC, but failed to cure the deficiencies. (SAC ¶¶ 107–20, 139–57).  Specifically, the SAC still fails to allege that Detective Perdue had a "realistic opportunity" to intercede because Plaintiff fails to allege "a showing of personal participation in the alleged rights deprivation" by Detective Perdue. *Jones v. Williams*, 297 F.3d at 934; *see Diggs v. Las Vegas Metro. Police Dep't*, No. 2:09-CV-02339-RLH, 2015 WL 3994926, at *5 (D. Nev. June 30, 2015) (holding that an officer who did not intercede to prevent a fellow officer from tackling the plaintiff did not violate § 1983 because the plaintiff did not allege the officer's personal participation in the excessive force act).  Accordingly, the Court dismisses the § 1983 claim against Detective Perdue.

### B.  Claims Against Chief Moers

Plaintiff's second cause of action alleges a violation of 42 U.S.C. § 1983 against Chief Moers. (SAC ¶¶ 123–28).  Because the claim is premised upon the allegations of Detective Perdue's failure to intercede, this claim fails.  Moreover, Plaintiff does not oppose dismissal of this claim and the state law claims against Chief Moers. (Resp. 2:18–19).  Accordingly, all claims against Chief Moers are dismissed.

### C. *Monell* Claim Against Henderson

Plaintiff's third cause of action alleges a *Monell* claim against Henderson. (SAC ¶¶ 129–38). Pursuant to *Monell*, municipalities can be sued directly under § 1983 for violations of constitutional rights. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To bring a claim for the deprivation of a constitutional right by a local governmental entity, Plaintiff "must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the [P]laintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–91 (1989)).

In his SAC, Plaintiff alleges that Officer Nielson's and Detective Perdue's conduct was pursuant to various customs, policies, practices, and procedures of Henderson, and that Henderson directed, encouraged, allowed, and ratified these customs. (SAC ¶ 130). Further, Plaintiff alleges that "[t]he aforementioned customs, policies, practices, and procedures, were the moving force" and "a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983." (*Id.* ¶ 135).

However, Plaintiff has failed to cure the deficiencies previously identified by the Court. (Dismissal Order 7:1–8:6). Specifically, the Court found that Plaintiff's *Monell* claim against Henderson failed because it was premised upon the allegations of Detective Perdue's constitutional violation—his failure to intercede. (*Id.*). Because Plaintiff has again failed to allege specific allegations that Detective Perdue had a "realistic opportunity" to intercede, (*see supra* Part III.A), the Court dismisses the *Monell* claim against Henderson.

### D. State Law Claims Against Detective Perdue

Plaintiff asserts three state tort claims against Detective Perdue: (1) false arrest and imprisonment; (2) intentional infliction of emotional distress ("IIED"); and (3) negligence.

(SAC ¶¶ 139–57).[2]   However, "[w]here a district court dismisses every claim over which it had original jurisdiction, it retains pure discretion in deciding whether to exercise supplemental jurisdiction over the remaining claims." *Lacey v. Maricopa County*, 649 F.3d 1118, 1137 (9th Cir. 2011); *see also* 28 U.S.C. § 1367(c).  If a court dismisses all federal claims before trial, any remaining state claims should be dismissed as well for lack of jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that if federal claims are dismissed before trial, state claims should be dismissed as well); *Gypsum Resources, LLC v. Masto*, 671 F.3d 834, 836 (9th Cir. 2011); *McKinney v. Carey*, 311 F.3d 1198, 1201 n.2 (9th Cir. 2002) (holding that district court appropriately declined to exercise supplemental jurisdiction over state claims where federal claims were dismissed).  Moreover, when state law claims are dismissed for lack of jurisdiction, dismissal should be without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (dismissing based on declining supplemental jurisdiction should be without prejudice).

Here, because the federal claims have been dismissed against Detective Perdue, the Court only has supplemental jurisdiction over Plaintiff's state law claims.  Thus, because Plaintiff's federal law claims are dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  Accordingly, Plaintiff's state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

### E.  Declaratory Judgment Against Henderson

In his SAC, Plaintiff requests a declaratory judgment because "Henderson [has] chosen not to comply with Plaintiff's FOIA requests and injunctive relief requiring the Defendants to do so." (SAC 26:7–9). Plaintiff does not state any claim under either federal or state FOIA law. In addition, the federal FOIA applies only to agencies of the United States executive branch, and not to agencies of state or city governments. *See* 5 U.S.C. § 551(1), 552; *see, e.g.*, *Moore v.*

---

[2] Additionally, Plaintiff's fourth, fifth, and sixth causes of action are various state tort claims against Henderson. (SAC ¶¶ 139–57).  Plaintiff does not oppose dismissal of these claims. (Resp. 2:18–19).  As such, the Court grants dismissal of the state law claims against Henderson with prejudice.

*United Kingdom*, 384 F.3d 1079, 1089 (9th Cir. 2004).  To the extent that a claim exists under Nevada law, the Court declines supplemental jurisdiction for the reasons discussed *supra*.

Furthermore, the Court finds that Plaintiff's requested relief is unnecessary because the Court is dismissing Plaintiff's *Monell* claims and state law claims against Henderson.  As a result, Plaintiff's requested relief does not survive Henderson Defendants' Motion to Dismiss.

### F.  Leave to Amend

The Federal Rules of Civil Procedure Rule 15(a)(2) allows courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Additionally, the Ninth Circuit held "that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

However, dismissal is proper "when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  Further, courts may dismiss the complaint without leave to amend when a plaintiff's amendments "would fail to cure the pleading deficiencies and amendment would be futile." *Id.*

Here, after allowing Plaintiff to amend his Complaint twice, Plaintiff has consistently failed to allege the necessary facts to support his claims against Henderson Defendants. Because Plaintiff continuously fails to cure the pleading deficiencies, the Court finds that granting Plaintiff leave to amend for a third time on the majority of his claims would be futile. Accordingly, the Court dismisses Plaintiff's federal claims against Henderson Defendants and all claims against Chief Moers with prejudice, and the Court dismisses the state law claims against Detective Perdue without prejudice.

1

## IV.    CONCLUSION

2          **IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 56), is **GRANTED**.

3   Specifically, the Court dismisses with prejudice: Plaintiff's first cause of action regarding the

4   § 1983 claim against Detective Perdue; second, fourth, fifth, and sixth causes of action against

5   Chief Moers; third cause of action regarding the *Monell* claim against Henderson; and his claim

6   for declaratory judgment against Henderson Defendants.

7          **IT IS FURTHER ORDERED** that Plaintiff is granted leave to file a third amended

8   complaint to cure the jurisdictional deficiencies identified in this Order for his fourth, fifth, and

9   sixth causes of action regarding his state law claims against Detective Perdue.  Accordingly,

10  Plaintiff shall file his third amended complaint by February 10, 2017.  Failure to file a third

11  amended complaint by this date will result in the Court dismissing Plaintiff's state law claims

12  against Detective Perdue with prejudice.

13         **IT IS FURTHER ORDERED** that the Motion to Dismiss, (ECF No. 55), is

14  **GRANTED**.  Plaintiff's claims against Gillespie and Plaintiff's state law claims against

15  LVMPD are dismissed with prejudice.

16         **DATED** this   27   day of January, 2017.

17

18  _____

19  Gloria M. Navarro, Chief Judge
    United States District Judge

20

21

22

23

24

25