**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| HARVESTER HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:15-cv-0337-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| CITY OF HENDERSON, a political subdivision of the State of Nevada; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; SHERIFF DOUG GILLESPIE, individually; CHIEF PATRICK MOERS, individually; OFFICER SCOTT NIELSON, P#4408, individually; DETECTIVE PERDUE, individually; DOE OFFICERS III-X; and JOHN DOES I-X, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court is the Motion to Dismiss Plaintiff's Third Amended Complaint, (ECF No. 85), filed by Defendants City of Henderson ("Henderson") and Detective Perdue (collectively, "Henderson Defendants"). Plaintiff Harvester Harris ("Plaintiff") filed a Response, (ECF No. 86), and Henderson Defendants filed a Reply, (ECF No. 87). For the following reasons, the Motion to Dismiss is **GRANTED**.

**I.     BACKGROUND**

This case arises out of a traffic stop involving Plaintiff and Defendants Officer Scott Nielson ("Officer Nielson") and Detective Perdue (collectively "Officers"). Specifically, Plaintiff was working as a cab driver on March 8, 2013, when he was stopped by an unmarked vehicle driven by Officer Nielson and Detective Perdue. (*See* Third Am. Compl. ("TAC") ¶ 22, ECF No. 82). Plaintiff alleges that the Officers seized him as both "were on duty and in plain

clothes (jeans and dark tops) void of any police identification marking." (*Id.* ¶ 18). Plaintiff alleges that Officer Nielson then "took out his handcuffs, pulled and simultaneously twisted [Plaintiff's] right middle finger, and put him in handcuffs." (*Id.* ¶ 26). Plaintiff alleges he was seized for "16 minutes, 8 seconds." (*Id.* ¶ 95). Additionally, no traffic citation was issued. (*Id.* ¶ 85). Plaintiff alleges that "[a]s a result of Defendants' use of force, and choice not to prevent the use of excessive force, Plaintiff has suffered permanent injuries to his right middle finger." (*Id.* ¶ 35). Furthermore, Plaintiff asserts he was unreasonably seized by Officer Nielson and Detective Perdue. (*Id.* ¶¶ 36).

Following this incident, Plaintiff made Freedom of Information Act ("FOIA") requests to Henderson Defendants, "however each department chose not to comply." (*Id.* ¶ 37). Additionally, there is no evidence as to whether the Henderson Police Department conducted an investigation into Detective Perdue. (*Id.* ¶ 107).

Plaintiff filed the instant action on February 25, 2015. (*See* Compl., ECF No. 1). On July 31, 2015, the parties filed a Stipulation to Amend Complaint (ECF No. 25), and on August 10, 2015, Plaintiff filed his First Amended Complaint ("FAC") (ECF No. 28). On June 20, 2016, Plaintiff's FAC was dismissed without prejudice and Plaintiff was granted leave to file a second amended complaint, which was filed on July 5, 2016. (Dismissal Order, ECF No. 50); (Sec. Am. Compl., ECF No. 53).

On January 27, 2017, the Court granted Motions to Dismiss that terminated Defendants Doug Gillespie and Chief Patrick Moers, (*see* Order, ECF No. 78). The Order also granted Plaintiff leave to amend and file a third amended complaint "to cure the jurisdictional deficiencies identified in this Order for [Plaintiff's] fourth, fifth, and sixth causes of action regarding his state law claims against Detective Perdue." (Order 10:8–9).

Plaintiff filed his Third Amended Complaint ("TAC") on February 17, 2017. (TAC, ECF No. 82). The TAC alleges the following causes of action: (1) 42 U.S.C. § 1983 violations

against Defendant Officer Nielson; (2) *Monell* claims against Defendant Las Vegas Metropolitan Police Department ("LVMPD"); (4) false arrest and false imprisonment against Henderson, Officer Perdue, and Officer Nielson; (5) intentional infliction of emotional distress against Henderson, Officer Perdue, and Officer Nielson; and (6) negligence against Henderson, Officer Perdue, and Officer Nielson (TAC ¶¶ 108–62).

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14

1 | F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of
2 | "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).
3 | Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is
4 | converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

In the instant Motion, Henderson Defendants argue that Plaintiff's claims should be dismissed because Plaintiff's claims against Henderson "were all previously dismissed and Plaintiff was not granted leave to amend, to add, or renew any claims against the city." (Mot. to Dismiss 5:4–6, ECF No. 85). Additionally, Henderson Defendants argue that "Plaintiff's TAC has failed to address, much less cure the jurisdictional deficiencies identified in the Order granting dismissal of all of Plaintiff's claims against the Henderson Defendants." (*Id.* 6:12–14). The Court will address each in turn.

### A. Claims Against Henderson

Plaintiff alleges that the only claims remaining against Henderson are the fourth, fifth, and sixth causes of action alleging state law violations. However, the Court previously in its Order stated that "Defendant does not oppose dismissal of these claims" and held that "the Court grants dismissal of the state law claims against Henderson with prejudice." (Order 8:25

n.2, ECF No. 78). Moreover, the Court did not provide Plaintiff leave to amend these claims as they were dismissed with prejudice. Accordingly, the Plaintiff's fourth, fifth, and sixth causes of action against Henderson are stricken and remain dismissed with prejudice.

### B. Claims Against Detective Perdue

As in the SAC, Plaintiff asserts three state tort claims against Detective Perdue: (1) false arrest and imprisonment; (2) intentional infliction of emotional distress ("IIED"); and (3) negligence. (TAC ¶¶ 132–62). The Court granted Plaintiff leave to amend these claims to potentially cure the jurisdictional deficiencies, but Plaintiff failed to do so. Because Plaintiff has failed to rectify these jurisdictional issues in only having pendant jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and Plaintiff's state law claims against Perdue are dismissed for lack of subject matter jurisdiction. The Court previously granted Plaintiff leave to amend these claims for a chance to rectify the federal jurisdictional issues, (*see* Order 10:7–9, ECF No. 78). However, because Plaintiff was unable to do so in his TAC, the Court will not again provide leave to amend the claims against Detective Perdue, but the claims are dismissed without prejudice for potential opportunity to file in state court.

### C. Leave to Amend

The Federal Rules of Civil Procedure Rule 15(a)(2) allows courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, courts may dismiss the complaint without leave to amend when a plaintiff's amendments "would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

Here, after allowing Plaintiff to amend his Complaint three times, Plaintiff has consistently failed to allege the necessary facts to support his claims against Henderson Defendants. Because Plaintiff continuously fails to cure the pleading deficiencies, the Court finds that granting Plaintiff leave to amend for a fourth time on the majority of his claims

would be futile. Accordingly, the Court dismisses all claims against Detective Perdue with prejudice.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 85), is **GRANTED**. Specifically, the Court dismisses all claims against Detective Perdue.

**IT IS FURTHER ORDERED** that Plaintiff's fourth, fifth, and sixth causes of action alleged against Henderson are stricken and remain dismissed with prejudice pursuant to the Court's prior Order, (ECF No. 78). Accordingly, Henderson and Perdue are terminated from the case and only Defendants LVMPD and Officer Nielson remain.

**IT IS FURTHER ORDERED** that Plaintiff, LVMPD, and Officer Nielson must file their Joint Pretrial Order by December 4, 2017.

**DATED** this \_\_10\_\_ day of October, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge